(158 App. Div. 760.)

### YOUNG v. WHITE.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. PLEADING (§ 364*)—IRRELEVANT ALLEGATIONS—REMEDY.

   Irrelevant allegations of the complaint should be stricken out on motion; such allegations being more serious and prejudicial in complaint than in an answer, since by statute defendant is required to make a general or specific denial of each material allegation controverted, and a failure to deny is an admission of the truth of the allegation.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

2. PLEADING (§ 129*)—FAILURE TO DENY.

   Failure to deny an allegation of the complaint admits its truth if it be material.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

3. PLEADING (§ 11*)—COMPLAINT—ALLEGATIONS OF FACT.

   The Code contemplates that the complaint shall allege statements of fact and not merely evidence.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

Appeal from Special Term, New York County.

Action by John A. Young against Archibald S. White. From an order denying a motion to strike out certain allegations of the complaint and to make other allegations more definite, defendant appeals. Order modified as stated.

See, also, 143 N. Y. Supp. 934, 935.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Thorn, of New York City, for appellant.

John C. Tomlinson, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.    This is an appeal from an order denying a motion to strike out certain allegations of the complaint, and to make other allegations more definite and certain.    The action is at law to recover $600,000 and interest thereon, one-third of the profits alleged to have been made in a joint venture between the parties to this action.

The complaint alleges that in the fall of 1906 the plaintiff and defendant entered into an agreement, the object of which was to acquire control of the Cleveland Gaslight & Coke Company, the People's Gaslight Company, the Cincinnati, Newport & Covington Electric Light Company, and the Union Gas & Electric Company, corporations supplying gas and electricity in some of the cities in Ohio and Kentucky; also, to obtain control of certain natural gas fields in West Virginia and Kentucky, and certain contracts in connection therewith; also, to build a gas pipe line between the natural gas fields and the city of Cincinnati; and, finally, to vest all the control of the properties thus acquired in a holding company, thereafter to be organized.

The complaint further alleged that under the agreement the plaintiff obligated himself to obtain the money necessary to finance the project, while the defendant was to acquire the properties referred to, organize the necessary corporations, construct the pipe line, and act as general manager; that all profits arising out of the transaction were to be divided between the plaintiff and the defendant in the proportion of one-third to the former and two-thirds to the latter; that a new holding corporation, viz., Columbia Gas & Electric Company, was organized under the statutes of West Virginia, and to it was transferred substantially the entire stock of the Cleveland Gaslight & Coke Company, the People's Gaslight Company, the control of the Union Gas & Electric Company, the natural gas fields, and the contracts relating thereto; that a lease was taken by the holding company of all the property of the Cincinnati, Newport & Covington Electric Light Company, the pipe line was constructed as contemplated, and its control turned over to the holding company; that a slight deviation from the original agreement was made, in that Cleveland and People's Companies consolidated with an outside corporation, the East Ohio Gas Company, and the holding company thereby lost about three-fourths of its interest in the Cleveland and People's Companies, but acquired a one-fourth interest in the East Ohio Gas Company; that all of the properties were transferred to the holding company; that the defendant held in such company 26,000,000 of the capital stock, which constituted the profits of the joint venture; that he thereafter sold such stock to a firm of bankers in the city of New York for $1,800,000, one-third of which, or $600,000, belonged to the plaintiff, which the defendant has refused and neglected to pay over, and judgment is demanded for that sum, together with interest thereon from a date stated.

[1, 2] The complaint is long, covering approximately 20-odd printed pages, and contains numerous allegations which are unnecessary to a statement of the cause of action attempted to be alleged.    The

only purpose which such allegations can have in the complaint is to make the real issue obscure, and the effect of which might, and probably would, divert the minds of the jury from the question to be determined by it. Such allegations are irrelevant and redundant, and should be stricken out. It has many times been pointed out by this court that allegations of the character referred to have no place in a pleading, and especially in a complaint; that they are more serious in a complaint than in an answer, because, under the Code of Civil Procedure, the defendant is required to make a general or specific denial of each material allegation controverted by him, or any knowledge or information sufficient to form a belief (Code of Civil Procedure, § 500, subd. 1); that the failure to deny admits the truth of an allegation if it be material; and that it is unfair to the defendant to require him to determine, at his peril, what particular allegation in the mass of irrelevant matter may be held upon the trial to be material. Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Cleminshaw v. Coon, 136 App. Div. 160, 120 N. Y. Supp. 181.

[3] I am of the opinion that the motion should have been granted in so far as it asks to strike out all of that part of the complaint designated first, second, third, eighth, and tenth, and all that portion of paragraphs twelfth, fifteenth, eighteenth, nineteenth, twentieth, and twenty-fifth, designated in the notice of motion under the numerals I and II, respectively. These allegations are not the statement of facts as contemplated by the Code to be incorporated in a pleading, but at most are mere evidence which may or may not be material to the cause of action attempted to be alleged. They are entirely improper to be inserted in a complaint, either in an action at law or in equity.

As to the twenty-third paragraph, much of the matter there set forth is irrelevant; but it is so coupled with other allegations therein incorporated, to the effect that there was a modification of the original agreement with reference to the consolidation of the Cleveland and People's Companies with the East Ohio Company, that I am inclined to think those allegations should remain.

The defendant also asks that certain other paragraphs of the complaint be made more definite and certain. I am of the opinion that the motion, so far as it relates to these paragraphs, was properly denied. The facts here sought to be ascertained ought not to be set forth in a pleading, as such, but might very properly be considered in an application for a bill of particulars.

My conclusion, therefore, is that the order appealed from should be modified as indicated in this opinion, with $10 costs and disbursements. The matters stricken out leave the complaint in such condition that the plaintiff should be permitted to serve an amended complaint in conformity with this opinion, without costs, and the defendant should have the usual time to serve an answer thereto. All concur.