(158 App. Div. 763.)

## YOUNG v. WHITE.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. PLEADING (§ 85*)—ORDERS—RESETTLEMENT—EFFECT.

An order entered on June 17th directing defendant to answer prior to June 24th, which was resettled by an order, dated June 24th, extending defendant's time to answer upon certain conditions, was eliminated by the order of resettlement, so that the answer when filed is deemed to have been served subject to the conditions imposed by the order of June 24th.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 172–178; Dec. Dig. § 85.*]

2. PLEADING (§ 85*)—ORDERS—CONDITIONS.

Defendant moved to strike certain allegations of the complaint and make others more definite, and appealed from the order denying the motion, entered on June 12, 1913, and then moved for time to answer until the determination of the appeal, which motion was denied, and an order was entered on June 17th directing him to answer prior to June 24th, which order was resettled on June 24th by an order extending the time to answer upon condition that defendant serve no pleading but an answer, and should make no motion for a bill of particulars, or an examination before trial, or upon the pleadings, but before the entry of such order defendant on June 23d served an answer. The Appellate Division modified the order denying defendant's motion to strike and gave plaintiff leave to serve a new complaint. Held that, since the former answer must be deemed to have been served subject to the conditions imposed in the order of June 24th, defendant should be relieved from the conditions thereby imposed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 172–178; Dec. Dig. § 85.*]

Appeal from Special Term, New York County.

See, also, 143 N. Y. Supp. 931, 935.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Thorn, of New York City, for appellant.

John C. Tomlinson, of New York City, for respondent.

McLAUGHLIN, J. Defendant made a motion to strike out certain allegations of the complaint and to make other allegations more definite and certain. Pending the motion his time to answer was extended by stipulation to June 18, 1913. An order denying the motion to strike out and to make more definite and certain was entered as resettled on June 12, 1913, from which defendant appealed. He then moved, upon notice, to have his time to answer extended until after the determination of the appeal, which motion the court denied, and an order was entered on June 17th directing the defendant to answer prior to June 24th. Defendant thereafter tried to have the order resettled, so as to

extend his time to answer beyond June 24th. After argument, the court at Special Term entered the order from which this appeal is taken. This order was dated June 24th, and it resettled the order of June 17th, and extended defendant's time to answer, upon condition that he serve no pleading but an answer, make no motion for a bill of particulars, for an examination before trial, or upon the pleadings. Prior to the entry of this order the defendant, on June 23d, served an answer, and within the time provided in the order prior to the resettlement.

[1] The order of resettlement wiped out the order of June 17th, and therefore defendant's answer must have been deemed served subject to the conditions imposed in the order of June 24th.

[2] This court has, in a decision handed down herewith, modified the order denying the motion to strike out, and given the plaintiff leave to serve a new complaint, to which a new answer will have to be served. But since the former answer must be deemed to have been served subject to the conditions imposed in the order of June 24th, it is proper that the defendant should be relieved from the conditions therein imposed.

The order appealed from, therefore, is modified by striking out the conditions imposed upon defendant for answering. Order modified accordingly, with $10 costs and disbursements to the appellant.

The defendant also appealed from the order of June 17th, which was resettled by the order of June 24th. When the order of June 17th was resettled by the order of June 24th, the former order became a nullity.

The appeal, therefore, in so far as it relates to the order of June 17th, is dismissed. All concur.

---

### YOUNG v. WHITE.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

Appeal from Special Term, New York County.

Action by John Alvin Young against Archibald S. White. From an order denying a motion to vacate a prior order, defendant appeals. Appeal dismissed.

See, also, 143 N. Y. Supp. 931, 934.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Thorn, of New York City, for appellant.
John C. Tomlinson, of New York City, for respondent.