### YOUNG v. WHITE.

(Supreme Court, Appellate Division, First Department.    November 7, 1913.)

PLEADING (§ 364*)—STRIKING PLEADINGS.

 The rule as to striking out immaterial matter in the complaint is somewhat different in an equitable action than it is an action at law.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Appeal from Special Term, New York County.

See, also, 143 N. Y. Supp. 937.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nathaniel A. Elsberg, of New York City, for appellant.
John C. Tomlinson, of New York City, for respondent.

McLAUGHLIN, J.    This action is in equity to compel the defendant to account for certain profits alleged to have been made by him and the plaintiff under a joint venture. The facts upon which a recovery is sought are substantially the same as those set forth in the opinion on the appeal from an order denying a motion to strike out certain allegations of the complaint in the action between the same parties, designated as action No. 1 (143 N. Y. Supp. 931). A similar motion was made in this action as in the other one, viz., to strike out certain allegations of the complaint as irrelevant and redundant, and to make other allegations more definite and certain. The complaint is somewhat longer than the one in action No. 1, and covers approximately 35 printed pages, but the essential facts are practically the same.

Notwithstanding the fact that the rule as to striking out is somewhat different in an action in equity than it is at law, nevertheless I am of the opinion that the defendant's motion to strike out as irrelevant and redundant all the paragraphs numbered first, fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, fifteenth, and seventeenth should have been granted, and also so much of paragraphs numbered second, third, fourth, eleventh, nineteenth, twenty-sixth, thirtieth, thirty-first, and thirty-third, designated in the notice of motion under numerals I and II, respectively.

The defendant also asks in his notice of motion that the complaint be made more definite and certain as to other paragraphs or allegations, but in this respect I think the motion was properly denied. The information here sought to be obtained might properly be considered on a motion for a bill of particulars, but it would serve no useful purpose in the complaint and ought not to be incorporated therein.

My opinion, therefore, is that the order appealed from should be modified as indicated in this respect, with $10 costs and disbursements,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the appellant. The matters stricken out leave the complaint in such condition that the plaintiff should be permitted to serve an amended complaint, in conformity with this opinion, without costs, and the defendant should have the usual time to serve an answer thereto. All concur.

---

## YOUNG v. WHITE.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

Appeal from Special Term, New York County.
Action by John Alvin Young against Archibald S. White. From an order resetting a prior order and granting an extension of time to answer upon conditions, defendant appeals and also appeals from the order which was resettled. Appeal from first order affirmed as modified, and appeal from last-mentioned order dismissed.

See, also, 143 N. Y. Supp. 936, 937.
Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nathaniel A. Elsberg, of New York City, for appellant.
John C. Tomlinson, of New York City, for respondent.

