(30 App. Div. 517.)

JOHN D. PARK & SONS CO. v. HUBBARD et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

BOYCOTT—ACTION FOR DAMAGES—PLEADING.

In an action at law to recover damages sustained by a plaintiff because of injuries inflicted by means of a boycott established by the defendants, less latitude is allowed in the allegations of the complaint than in an equitable action to restrain the boycott.

Appeal from special term, New York county.

Action by the John D. Park & Sons Company against Charles Hubbard and others. From an order striking out part of the complaint as irrelevant, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry T. Fay, for appellant.
Henry Galbraith Ward and E. Spink, for respondents.

RUMSEY, J. This action is brought to recover from the defendants the damages sustained by the plaintiff corporation because of injuries inflicted upon its business by means of a boycott which the defendants have established and continued against the plaintiff. The plaintiff is a corporation organized in 1891, and is the successor of the firm of John D. Park & Sons, which was a wholesale dealer in proprietary medicines, and a manufacturer of them. The business of that firm was taken by the plaintiff upon its organization. The complaint is that the defendants have established and continued a boycott against the business of the plaintiff, by which it has been prevented from disposing of the articles manufactured by it; it has been prevented from obtaining proprietary medicines from other manufacturers and wholesale dealers upon the same terms as other wholesale dealers have done; and its customers have been driven away, to the serious injury of its business. The complaint contains 373 paragraphs, and, with the exhibits attached to it, takes up 297 pages of the printed case. After making the usual allegations as to the organization of the plaintiff, the purposes of its manufacture, and the nature of its business, and the relation of the defendants to it and to each other, and the nature of their business, it continues with a statement of the manner in which manufacturers and dealers in proprietary articles were accustomed to do their business before 1876, at the time when the boycott was begun against the firm of John D. Park & Sons, and relates in detail each step that was taken by way of creating and enforcing the boycott, which it is alleged finally resulted in serious injury to its business. A large number of these paragraphs were stricken out by the court, and, from the order thus striking them out as irrelevant and redundant, this appeal is taken.

The considerations to be applied in the determination of a motion of this kind were considered in the case of John D. Park & Sons Co. v. National Wholesale Druggists' Ass'n (decided at this term) 52 N. Y. Supp. 475. In a general way, these same rules are to be applied here, but there is this distinction: That case was an action in equity, in which the relief sought was not only an injunction against the boycott, but to restrain the defendants from taking steps to enforce the several rules by which the boycott was begun and carried into effect. It was thought that, because of the relief demanded, it was necessary that the court should be put in possession of each of the rules which had been established from time to time by the defendants by way of making the boycott more effectual, and to some extent of the manner in which these rules had been carried into effect, the idea being that, as an injunction against the rules themselves was asked for, the existence of the rules, and their nature and operation, were material facts to be stated in the complaint, that the court might understand the precise nature of the relief which was sought to be obtained. But in this case no such considerations apply. All that is necessary to be alleged here is the organization of the plaintiff, the nature and extent of its business, the names of the defendants, and the facts showing their violation of the plaintiff's right, and the injury to the plaintiff which has resulted from those acts. If, in addition, there are other

facts which show that the plaintiff has suffered damage in its business, in the nature of special damages, not necessarily resulting from the acts of the plaintiff, these facts also should be alleged. So, if it is necessary to set out facts showing the motive of the defendants from which it can be argued that the plaintiff is entitled to punitive damages, such facts also should be alleged. The rules themselves which were adopted by the defendants, or those whom the defendants accepted as their agents and through whom they acted, are not necessary to be alleged in this complaint. The thing complained of here is the destruction of the plaintiff's business by means of the boycott; and the rules were the means by which the boycott was carried into effect, and the establishment of those rules and their enforcement are the evidence which the plaintiff relies upon for proof of the boycott by which its business was ruined. That evidence is not proper to be alleged in the complaint, and therefore all the allegations setting out the different steps that were taken by way of creating this boycott and enforcing it, to the damage of the plaintiff's business, while they are material to be proved, are not necessary to be alleged, because they are merely evidence to establish the ultimate fact, which is the boycott itself. It is the custom in these cases, and very properly, to give some latitude to the pleader in setting out his facts. Whether he shall set out facts as they actually occurred, or according to what is known as their legal effect, is ordinarily left to his own judgment; the intent of the Code being rather that the facts themselves shall be set out than that the legal result of them shall be alleged. But in neither aspect of the case is it ever allowable, when objected to, to set out the evidence of the facts. It is unnecessary to pursue the subject further in this opinion. The distinction between this case and the case of John D. Park & Sons Co. v. National Wholesale Druggists' Ass'n is sufficiently indicated; and, bearing in mind that distinction, the rules that are laid down in that opinion will enable us to dispose of this case.

A careful examination of this pleading leads us to believe that the order appealed from should be modified by permitting to stand in the complaint paragraphs 312, 361, 362, 363, 364, and 366, which were stricken out by the court below; and, as modified, the order should be affirmed, without costs to either party in this court. For the same reason that was stated in the opinion in John D. Park & Sons Co. v. National Wholesale Druggists' Ass'n, the plaintiff may, if he desires, have leave to amend the complaint in accordance with the order granted and the rules laid down in this opinion. All concur.

Order modified as directed in opinion, and affirmed as modified, without costs, with leave to plaintiff to amend within 20 days.