(37 Misc. Rep. 367.)

### BROWN et al. v. FISH et al.

(Supreme Court, Special Term, Kings County.   March, 1902.)

EJECTMENT—COMPLAINT—IRRELEVANT MATTER.
    Where a complaint in ejectment gives a history of the title, and of disputes in regard thereto for many years between various persons, such allegations may be stricken out, on motion of defendants, under Code Civ. Proc. § 545, as "parties aggrieved thereby."

Action by Dora Brown and others against Ann Fish and others. Motion by defendants to strike out allegations of complaint. Granted.

H. L. Fordham, for the motion.
Joseph Fischer, opposed.

GAYNOR, J. This is an action of ejectment. A scientific and proper complaint would be in so many words and no more that the plaintiffs are the owners in fee of the property and entitled to the immediate possession thereof, and that the defendants are in unlawful possession thereof and unlawfully withhold the same from the plaintiffs. Under this anything and everything tending to show title and right of possession in the plaintiffs could be proved upon the trial. Instead of such a complaint, time-honored and established, we have

here a long complaint of six typewritten pages which I had to read several times in an effort to understand it. It consists mainly of allegations of fact giving a history of the title, and of claims and disputes over the land in question for many years between various persons. Mitnacht v. Hawthorne, 31 Misc. Rep. 378, 64 N. Y. Supp. 493. At best such alleged facts are evidence which may be given at the trial, and it is an old and wise rule that the evidence should not be pleaded; but I am not even able to see that most of them will be competent evidence.

Irrelevant and redundant matter in a pleading may be struck out upon the motion of the party "aggrieved thereby." Code Civ. Proc. § 545. These allegations are irrelevant in the main, and are certainly redundant, i. e., superfluous, in excess of what is necessary, superabundant, as the definition of the word is. And the defendant is aggrieved by them, for he should not be required to plead to mere items of evidence, and it would be dangerous and difficult and in some instances, it may be, impossible for him to do so.

Also the trial judge should be protected from having such a pleading put before him. Pleading has almost become a lost art in this part of the state, and it seems very difficult to restore it. Schroeder v. Post, 3 App. Div. 411, 38 N. Y. Supp. 677. Perhaps some inadvertent observations of judges have helped to make it such, but they should not be conclusive with our educated bar.

The motion is granted; and the plaintiff may serve an amended complaint if he so elect.