(40 Misc. Rep. 573.)

## BROWN et al. v. FISH et al.

(Supreme Court, Special Term, Suffolk County.  May, 1903.)

1. PLEADING—WITHDRAWAL OF ANSWER—PLEADING OVER.

   Defendant in ejectment moved to strike out certain allegations from the complaint as irrelevant, and on granting of the motion the defendant answered the complaint as it stood after striking out. The decision granting the motion to strike out was reversed on appeal on the ground that codefendants of the moving defendant had not been made parties to the motion. *Held,* that the moving defendant should be allowed to withdraw her answer, and be granted a reasonable time to answer the complaint as reinstated, and to require plaintiff to furnish her with information concerning her codefendants, that they may be brought into court.

Action by Dora S. H. Brown and others against Ann E. Fish and others. Motion by defendant Fish to withdraw answer, and for reasonable time within which to answer or demur, or to make any motion herein. Granted.

Joseph Fischer, for plaintiffs.
Herbert L. Fordham, for defendant Fish.

SMITH, J.  This is a motion made by the defendant Fish for leave to withdraw her answer, and to have a reasonable allowance of time within which to answer or demur or make any motion herein, and also to require the plaintiffs to furnish to the said defendant certain information concerning her codefendants.

In order to understand the significance of the motion, it is necessary to consider briefly the history of the action, which is set forth in the moving papers. The action is in ejectment. The complaint is not in the usual form, but contains many allegations concerning the history of the title. The defendant Fish made a motion about a year ago to strike out portions of the complaint as irrelevant and redundant. This motion was granted by Mr. Justice Gaynor, 37 Misc. Rep. 367, 75 N. Y. Supp. 460. From the order entered thereon an appeal was taken by the plaintiffs, and in November last the Appellate Division reversed the said order (77 App. Div. 644, 79 N. Y. Supp. 1127) on the ground that the codefendants of the defendant Fish had not been made parties to the motion, and on the additional ground that, according to the contention of the plaintiffs, the allegations stricken out were essential as against the said codefendants. Thereafter, as appears by the moving papers, the defendant Fish requested the plaintiffs to furnish such information concerning her codefendants as would enable her to bring the said codefendants into court, in order that it might be determined what rights, if any, they had in the action, and whether they could not properly be stricken out, in which latter event, according to the opinions handed down at Special Term and by the Appellate Division, the defendant Fish would be entitled to the relief originally granted. This information was not furnished, although it is not denied that the plaintiffs who made these codefendants parties to the action are in possession of this information. In fact, the only argument advanced by the plaintiffs in opposition

to this branch of the motion was that these codefendants had no rights in the action in any event. While this statement may be true, it is in direct opposition to the position taken by the plaintiffs before the Appellate Division, and consequently does not commend itself to the favorable consideration of the court as a reason for denying this motion. The information desired appears to be essential to the defendant Fish. The court has the power to order the information to be given, and I deem this an appropriate occasion for the exercise of this power.

Leave to the defendant Fish to withdraw her answer is obviously proper. The answer was served after the decision at Special Term, and appears to have been sufficient as the complaint then stood. Subsequently the Appellate Division reinstated certain portions of the complaint. The result is that the portions of the complaint that have been reinstated are admitted by the original answer. There appears to be no reason why the defendant Fish should not be permitted to take such action as she may be advised concerning the complaint as it now stands. The motion is addressed to the discretion of the court. The relief demanded is proper, and the motion is granted.

Motion granted.