## ROCKWELL v. DAY et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. CONVERSION—COMPLAINT—SUFFICIENCY.

   In an action at law for the conversion of stock by plaintiff's testator, it is sufficient that the complaint allege ownership of the stock, its delivery to the testator for temporary use, and conversion by him.

2. PLEADING—REDUNDANT ALLEGATIONS—MOTIONS TO STRIKE—WHEN GRANTED.

   Motions to strike out allegations of a complaint are not favored by the courts, and should not be granted unless it is apparent that the moving party will be prejudiced by allowing the allegations to stand.

3. SAME.

   In an action against an executor for conversion of stock by his testator, it was error for the court to strike out allegations of the complaint averring that plaintiff was testator's favorite grandniece and lived for several years in his home, being treated as his child; that prior to making a gift of the stock he told her that he intended to give it to her; that he was president of the bank at the time, and owned a large amount of the stock; and that at the time he had the stock transferred to her name on the books of the bank and delivered it to her he declared it was his intention that she should have that stock, and that he might as well give it to her then as ever—such allegations being rather to defendant's advantage than to his prejudice, inasmuch as they limited plaintiff in her proof, and rendered a bill of particulars unnecessary.

Appeal from Special Term, New York County.

Action by Susie Frances Rockwell against Charles J. Day and others, as executors of Francis A. Palmer, deceased. From an order striking out certain allegations of the complaint, plaintiff appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Rastus S. Ransom, for appellant.
Henry B. Twombly, for respondents.

LAUGHLIN, J. The first cause of action alleged in the complaint, part of the allegations of which have been stricken out, is for the conversion by the defendants' testator of 2,000 shares of the capital stock of the Broadway National Bank which it is alleged he had given to the plaintiff and she subsequently delivered to him to use temporarily.

For the purpose of showing the inducement and consideration for the gift of the stock by the testator to her and her loaning it to him, and the intention of the testator in transferring the record title to her and her intention in delivering the stock to him, the plaintiff alleged that she was his favorite grandniece, lived for several years in his home, and was treated by him and his wife as if she were their own child; that some time prior to making the gift he told her that, for the purpose of securing her future welfare in case he should be suddenly taken away, he intended to give her his bank stock; that at this time he was president of the bank, and owned a large amount of its capital stock, and was a man of great wealth, and that at the time he had the stock transferred to her name upon the books of the bank and delivered it to her he said, "I have always intended that you should

82 N.Y.S.—63

have this stock of the bank, and I might as well give it to you now as ever; so here it is." These are the allegations that were stricken out as irrelevant. They are more in the nature of evidence than of the facts essential to be pleaded in an action at law. If the action were in equity there could be no doubt that this pleading was proper (First Presbyterian Church v. Kennedy, 72 App. Div. 82, 76 N. Y. Supp. 284; Park & Sons Co. v. Nat. Druggists' Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475; Meyer v. Young, 49 App. Div. 639, 63 N. Y. Supp. 143); but, it being an action at law, it would have been sufficient for the plaintiff to have alleged ownership of the stock, its delivery to the testator for temporary use, and conversion by him (Park & Sons Co. v. Hubbard, 30 App. Div. 517, 52 N. Y. Supp. 481; Schroeder v. Young, 49 App. Div. 648, 63 N. Y. Supp. 110; Wooden v. Strew, 10 How. Prac. 48; Brown v. Fish, 37 Misc. Rep. 367, 75 N. Y. Supp. 460). It does not follow, however, that such allegations, which are briefly and concisely stated in connection with the allegations of ownership, and are germane to the issue, should be stricken out as irrelevant or redundant. They are all relevant to the issue, and the evidence will be admissible upon the trial. They do not tend to confuse the issue or render the pleading unduly voluminous. We fail to see how the defendants are prejudiced by the allegations. If they admit the plaintiff's ownership, the allegations stricken out become immaterial; and if they put the ownership in issue they can, without embarrassment or prejudice, at the same time put these allegations in issue by one of the forms of denial authorized by the Code, unless of their own personal knowledge they know the allegations to be true, in which event, if the allegations are not put in issue, they will stand admitted for what they are worth. Of course, the plaintiff would not be a competent witness to prove these transactions with the testator if the evidence should be objected to, but she may be able to prove them by others. It is not probable that the plaintiff will secure any advantage by obtaining an admission by the pleadings of any of these allegations which she could not prove. It is scarcely a possibility that the executors were present and heard these statements alleged to have been made by the testator, so that they are not in a position to put them in issue. Motions of this character are not favored by the courts, and should not be granted unless it is apparent that the moving party will be prejudiced by allowing the irrelevant or redundant allegations to stand. Bogardus v. Metropolitan Street Railway Co., 62 App. Div. 377, 70 N. Y. Supp. 1094; Tradesmen's Nat. Bank v. United States Trust Co., 49 App. Div. 362, 63 N. Y. Supp. 526; Stokes v. Star Co., 69 App. Div. 21, 74 N. Y. Supp. 528; Williams v. Folsom, 57 Hun, 128, 10 N. Y. Supp. 895. In the case at bar we are of the opinion that instead of the defendants being prejudiced by these allegations, they are to their advantage, inasmuch as they limit the plaintiff in her proof, and render unnecessary a bill of particulars. Upon the peculiar facts of this case, therefore, we are of opinion that the motion should have been denied.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, without costs. All concur; INGRAHAM, J., in result.