WALTER J. WAYTE, Appellant, *v.* BOWKER CHEMICAL COMPANY, Respondent..

Second Department, March 4, 1921.

Pleadings — complaint in action for commissions on sales — allegations of bad faith in refusing to fill and accept orders proper — allegations as to intent to cheat and defraud stricken out — irrelevant allegation defined — irrelevancy must be clear and redundancy unquestioned to be stricken out — striking out discretionary — moving party must be " aggrieved thereby."

Under an arrangement for sales on commission, failure to fill the orders or go on with the arrangement is not necessarily a breach. However, it may be material to show that the stoppage and discontinuance were not *bona fide*, but were arbitrary and without due cause. Hence, it is proper to set up that the refusals were in bad faith; but matters further to the effect that defendant's acts were intended to cheat and defraud the plaintiff are properly stricken out.

An irrelevant allegation is one which has no substantial relation to the controversy between the parties to the suit and which cannot affect the decision of the court.

To entitle a party to have irrelevant allegations stricken out, under section 545 of the Code of Civil Procedure, the irrelevancy must be clear and the redundancy unquestioned.

Irrelevant and redundant allegations in a complaint are not stricken out as matter of right, but are subject to the court's discretion, which is to be exercised with caution.

The mere fact that material in a complaint is irrelevant or redundant is insufficient to authorize its being stricken out unless the moving party is " aggrieved thereby."

BLACKMAR, J., dissented in part.

APPEAL by the plaintiff, Walter J. Wayte, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of October, 1920, striking from the second amended complaint certain matters as scandalous, and certain paragraphs as irrelevant and other paragraphs as redundant.

*William P. McCool* [*Thomas B. Felder* with him on the brief], for the appellant.

*Francis Woodbridge,* for the respondent.

PUTNAM, J.:

This second amended complaint has three causes of action. It first describes a new process of phosphoric acid to clarify

sugar. It sets out that the contract sued upon to obtain orders was drawn by defendant's attorneys, and that it contemplated mutual duties and obligations. The first cause of action is for $5,000 commissions on sales, which plaintiff obtained and defendant actually filled but has not paid over. The second cause of action is for orders given to and taken by defendant, but not filled or carried out. The third cause of action sets up that in 1916 defendant broke off all relations and arbitrarily refused to accept from plaintiff orders of any kind. It charges bad faith and that defendant acted for the purpose of cheating and defrauding plaintiff. Damages of $50,000 are claimed under each of the second and third counts.

In such an arrangement for sales on commission, failure to fill, or to go on, is not necessarily a breach. It may be material to show that this stoppage and discontinuance were not *bona fide*, but were arbitrary and without due cause. (*Taylor* v. *E. M. S. Co.*, 124 N. Y. 184, 188.) Hence the plaintiff sets up that defendant's refusals were in bad faith.

However, plaintiff had no need to go so far as the reproachful charges of cheating and defrauding in the second and third counts. As to these, the order is affirmed in part. So far as it strikes out and expunges all between the words "for the purpose," to and including the word "parties" in paragraph 25; also the words "of cheating" to and including the words "expenditures, and" in paragraph 30, the order is affirmed.

An irrelevant allegation is one which has no substantial relation to the controversy between the parties to the suit and which cannot affect the decision of the court. (*Park & Sons Co.* v. *Nat. Druggists' Assn.*, 30 App. Div. 508, 510.) To entitle a party to have the same stricken out, under Code section 545, the irrelevancy must be clear, and the redundancy unquestioned. (*Id.*) Such parts are not stricken out as matter of right, but are in the court's discretion, which is to be exercised with caution. (*Town of Essex* v. *N. Y. & Canada R. R. Co.*, 8 Hun, 361; *Rockwell* v. *Day*, 84 App. Div. 437.) The moving party must also be "aggrieved thereby;" hence, the mere fact that matter is irrelevant or redundant is not sufficient to authorize its being stricken out (*Bogardus* v. *Metropolitan Street R. Co.*, 62 App. Div. 376); it must also

appear on the face of the pleading that if it is allowed to remain it will harm the moving party. (*Stokes* v. *Star Co.,* 69 App. Div. 21; *Howard* v. *Mobile Co. of America,* 75 id. 23.)

Tried by these standards, I think the other allegations should not have been stricken out.

I advise, therefore, that the order be modified in accordance with this opinion, and as so modified affirmed, without costs of this appeal.

JENKS, P. J., MILLS and KELLY, JJ., concur; BLACKMAR, J., votes for affirmance.

Order modified in accordance with opinion, and as so modified affirmed, without costs of this appeal. Settle order on notice.