FLOYD FISK, by KORAH L. FISK, His Guardian ad Litem, Respondent, *v.* JOSEPH HOBERN and Others, Appellants.

Third Department, March 7, 1923.

**Assault and battery — plea of justification in answer will not be stricken out though answer contains general denial.**

In an action to recover damages for assault and battery, a plea of justification in the answer will not be stricken out on motion by the plaintiff though the answer contains a general denial, since there is doubt whether or not justification can be proven under a general denial, and furthermore, the retention of the allegations of justification cannot prejudice the plaintiff.

APPEAL by the defendants, Joseph Hobern and others, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Chenango on the 20th day of March, 1922, granting plaintiff's motion to strike out certain parts of the answer.

*H. C. & V. D. Stratton,* for the appellants.

*Herbert C. Kibbe,* for the respondent.

H. T. KELLOGG, Acting P. J.:

It is conceivable that testimony might be offered upon the trial tending to prove that the father of the plaintiff was the owner of a certain team of horses; that the defendants, Joseph Hobern and Frank Hobern, were the owners of chattel mortgages consti-

tuting liens upon the team; that the mortgage debts were due and unpaid; that such defendants, acting under the terms of their mortgages and within the law, obtained possession of the team; that the plaintiff, in concert with his father, attempted to retake the team and repossess his father therewith; that the defendants Hobern, in defending their possession, and the defendant Beacraft, in aid of such effort, laid hands upon the plaintiff; that force was first used by the defendants; that such force was not greater than reasonably necessary to continue the Hoberns in possession of the team. It is clear that such testimony, if receivable, would tend to establish a case relieving the defendants from liability for an assault upon the plaintiff. That the testimony would, under the affirmative allegations of defendants' answer, be receivable admits of no doubt. Whether it would be receivable under the general denial contained in the defendants' answer is a question which has not been made entirely clear by the authorities. It is said in Corpus Juris: " As the general issue, or plea of not guilty, in assault and battery puts in issue only the question whether or not defendant committed the assault, in the absence of a statute authorizing it, matters in justification cannot be given in evidence under the general issue or a general denial but must be specially pleaded." (5 C. J. 655.) In *Lansingh* v. *Parker* (9 How. Pr. 283) the plaintiff alleged an assault and battery committed by the defendants. The defendants denied the assault and affirmatively pleaded in justification that the plaintiff, while in a hotel kept by the defendants, was acting in a disorderly way, and that the defendants gently laid hands upon him in order to effect his removal. A motion to strike out these allegations was denied. In *Demick* v. *Chapman* (11 Johns. 132) it was said by the court that, in actions for false imprisonment or assault, if a defendant had cause of justification or excuse, he must plead it, and could not prove it under the general issue. On the other hand, the case of *Collins* v. *Butler* (179 N. Y. 162) contains a dictum by Judge O'BRIEN as follows: "In an action for assault and battery the general denial puts in issue the whole case of the plaintiff on the facts and admits proof to show either that there was no interference with the person, or, if so, that it was justifiable under the circumstances." Whatever the correct rule may be, the affirmative allegations in the answer of these defendants will secure them, upon the trial, against an exclusion of their proof offered in justification. On the other hand, the retention of these allegations will not prejudice the plaintiff. Under such circumstances the allegations should not have been stricken from the answer. (*Rockwell* v. *Day*, 84 App. Div. 437; *Vogt* v. *Vogt*, 86 id. 437.)

The order should be reversed, with costs, and the motion denied, with costs.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.