Carl Russo, Plaintiff, *v.* Clinton N. Howard, Defendant.

Supreme Court, Monroe County, May 24, 1926.

**Libel** — action for publication of words calling members of organization known as "Damned Souls," "intellectual morons suffering from precocious senility"— defense recites purpose of organization was to combat idea of deity and as such was inimicable to best interests of society — defense should stand until trial notwithstanding provisions of Rules of Civil Practice, rule 103.

In an action for libel where the defendant is alleged to have referred to the plaintiff as an "intellectual moron suffering from precocious senility" because of membership in the society called the "Damned Souls," which defendant claimed disavows belief in God, the defendant may set up in mitigation circumstances relating to the organization, its purpose, and its relation to a larger organization with a similar purpose, the defendant's belief in a God, the beneficent influence of such a belief, the disastrous effect of the destruction of such a belief and any facts tending to show want of malice; and, notwithstanding the provisions of rule 103 of the Rules of Civil Practice, requiring the striking out of a defense deemed irrelevant, redundant, frivolous and impertinent, such allegations will not be stricken out but will be left to be dealt with on the trial as the case unfolds itself.

MOTION to strike out a defense under rule 103 of the Rules of Civil Practice as irrelevant, redundant, frivolous and impertinent.

*James L. Brewer*, for the motion.

*Sutherland & Dwyer*, opposed.

RODENBECK, J.   This is a motion to strike out the second defense as irrelevant, redundant, frivolous and impertinent.   The action is for libel in maliciously procuring the publication of words calling the members of an organization, known as the " Damned Souls," " intellectual morons suffering from precocious senility " and by innuendo, it is claimed, attributing to them the character of certain notorious youths who have heretofore been convicted of murder. The plaintiff is not directly named in the article and the degeneracy of the persons mentioned was not directly charged to the organization or to the plaintiff, but the plaintiff assumes that the article must have intended to refer to him as a member of the society and that the character of these notorious youths must also have been intended to be attributed to him because reference was made to them in the article.   The purpose of the organization was to combat the idea of a Deity and thus to undermine religion.   The defendant regards such a purpose as inimicable to the best interests of society, and, according to the published statement, as indicating an intellectual incapacity.   The plaintiff claims that the defendant called him an intellectual moron.   The defendant denied that the statement is false and defamatory.   This denial puts plaintiff to his proof that the statement is false and defamatory and that he is a normal intellectual person and not a mental weakling.   The assertion was based on his membership in an organization which did not believe in God.   He must show that his atheistic conception is a normal and reasonable one, as one would be required to do who asserted that the earth was flat or who contradicted any recognized fact of science or of common experience or a generally accepted belief. Upon this issue if it should be decided against the defendant, he is entitled to show by way of mitigation, if the words should be construed as defamatory, his belief in a Deity and religion, the beneficent influence of both in the advancement of society, the disastrous consequences of the breaking down of such a belief, and any matters alleged in his second defense which, while not justifying the language used, if defamatory, go to show that he was not actuated by malice toward the plaintiff in making the statements about a society whose membership was indefinite and his identity with which the plaintiff revealed by commencing this action.

The rule still exists, notwithstanding the language of  rule 103

of the Rules of Civil Practice, that allegations in mitigation should not be stricken out unless the court is satisfied that the plaintiff will be aggrieved or prejudiced by allowing them to remain. (*Rockwell* v. *Day*, 84 App. Div. 437, 439; *Wayte* v. *Bowker Chemical Co.*, 196 id. 665; *Morgan* v. *Bennett*, 59 N. Y. Supp. 825; *Stokes* v. *Star Co.*, 69 App. Div. 21.) It is the rule rather to allow such allegations to stand until the trial of the case when the trial judge can with a larger perspective of the case more intelligently pass upon their relevancy and materiality. (*Palmer* v. *Palladium Printing Co.*, 16 App. Div. 270.) By allowing the defense to stand the plaintiff is not debarred from raising on the trial the same questions which he raises on this motion and, therefore, he cannot be said to be aggrieved or prejudiced by the failure to strike them out.

Motions to strike out parts of pleading as redundant or irrelevant are not favored (*Dalziel* v. *Press Pub. Co.*, 52 Misc. 207; *Rockwell* v. *Day, supra*), and where the matter objected to has any bearing on the subject-matter of the litigation, the motion will be denied. (Id.) A defense in libel which tends to disprove actual malice will not be stricken out. (*McCue* v. *Survey Associates, Inc.*, 106 Misc. 160.) If there is any doubt as to the relevancy of the matter objected to, it should be left in to be passed upon at the trial. (*Burnham* v. *Franklin*, 44 Misc. 299, 303.) Where argument is necessary to show irrelevancy, the motion will be denied. (*Hatch* v. *Matthews*, 85 Hun, 522, 528.) Motion denied, with ten dollars costs. So ordered.