CHARLOTTE A. DAVIS, as Administratrix of the Estate of JOSEPH P. DAVIS, Deceased, Appellant, *v.* LONG ISLAND RAIL ROAD COMPANY, Respondent.

Argued October 5, 1950; decided November 30, 1950.

*Benjamin H. Siff* and *Theodore I. Welenken* for appellant. I. On plaintiff's proof there was a clear question of fact on the issue of contributory negligence. (*Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154; *Horton* v. *New York Central R. R. Co.*, 237 N. Y. 38; *Wisniewski* v. *New York Central R. R. Co.*, 228 App. Div. 27; *Flynn* v. *Long Island R. R. Co.*, 289 N. Y. 283; *Dumala* v. *Long Island R. R. Co.*, 242 App. Div. 287; *Dumbrowski* v. *New York Central R. R. Co.*, 257 App. Div. 916; *Christensen* v. *James S. Hannon, Inc.*, 230 N. Y. 205; *Silverman* v. *Ulrika Realty*

*Corp.*, 239 App. Div. 194; *Downs* v. *Brown Realty Co.*, 152 App. Div. 451.) II. The Appellate Division was in error in determining as a matter of law what was visible to an automobilist driving towards Bellmore Avenue from Broadway. III. The extent of visibility by reason of the terrain was not a material fact on the issue of contributory negligence in this case. (*McCowan* v. *Lehigh Valley R. R. Co.*, 232 App. Div. 446; *Royal Ind. Co.* v. *Long Island R. R. Co.*, 258 App. Div. 252, 283 N. Y. 714; *Wadsworth* v. *Delaware, L. & W. R. R. Co.*, 296 N. Y. 206; *Peters* v. *Long Island R. R. Co.*, 275 App. Div. 721; *Latourelle* v. *New York Central R. R. Co.*, 301 N. Y. 103.)

*William F. McNulty, Richard R. Bongartz, William J. O'Brien* and *John McKim Minton* for respondent. I. The Appellate Division properly held that intestate was guilty of contributory negligence as a matter of law. (*Matter of Case*, 214 N. Y. 199; *Proefrock* v. *Denney*, 258 App. Div. 5, 283 N. Y. 648; *Wadsworth* v. *Delaware, L. & W. R. R. Co.*, 296 N. Y. 206; *Crough* v. *New York Central R. R. Co.*, 260 N. Y. 227; *Schrader* v. *New York, C. & St. L. R. R. Co.*, 254 N. Y. 148; *Fitch* v. *New York Central R. R. Co.*, 233 N. Y. 356; *Hagglund* v. *Erie R: R. Co.*, 210 N. Y. 46.) II. There is no merit to the claim that "the extent of visibility by reason of the terrain was not a material fact on the issue of contributory negligence in this case." (*Latourelle* v. *New York Central R. R. Co.*, 301 N. Y. 103; *McCowan* v. *Lehigh Valley R. R. Co.*, 232 App. Div. 446; *Royal Ind. Co.* v. *Long Island R. R. Co.*, 258 App. Div. 252, 283 N. Y. 714; *Schrader* v. *New York, C. & St. L. R. R. Co.*, 254 N. Y. 148; *Barnasky* v. *New York, O. & W. Ry. Co.*, 226 N. Y. 435; *Miller* v. *New York Central R. R. Co.*, 226 App. Div. 205, 252 N. Y. 546; *Proefrock* v. *Denney*, 258 App. Div. 5, 283 N. Y. 648.)

LEWIS, J. The plaintiff's intestate met death in a railroad grade crossing accident which occurred in the village of Bellmore, Nassau County, at a point where three tracks of the defendant intersect Bellmore Avenue — a north-south thoroughfare — at right angles. From that grade crossing easterly for a distance of 3,000 feet the defendant's right of way is straight. As a measure of public safety, and in conformance with an order of the Public Service Commission, the defendant has installed at the northwesterly and southeasterly corners of

the grade crossing intersection red flasher lights designed to flash red signals to traffic moving in either direction on Bellmore Avenue when a train is approaching the crossing. The warning thus given is emphasized by a sign, placed under each flasher signal, which carries in bold type the direction — " STOP ON RED SIGNAL ". When operating properly each flasher signal is activated when a train approaching Bellmore Avenue from either east or west passes over a circuit breaker located 2,500 feet from the crossing.

Just prior to the accident the decedent, who was driving an ice truck, had proceeded easterly along Broadway — an east-west street which ends at the west curb of Bellmore Avenue and runs parallel to and 50 feet north of the defendant's tracks. After stopping his truck at a through traffic stop sign erected west of the westerly curb of Bellmore Avenue the decedent proceeded easterly and upon entering the avenue he turned to the right and drove southerly onto the defendant's tracks. The fatality occurred when his truck was struck by one of defendant's westbound trains.

Although the evidence is in conflict, there is testimony upon which the jury could have found that as the decedent approached the defendant's tracks the red flasher signal lights did not operate and no whistle was sounded to warn the decedent of the approach of a train. Insofar as that evidence involves a question of fact as to any warning given the decedent that a train was approaching the crossing, we are concluded by the action of the courts below. (*People* v. *Most*, 171 N. Y. 423, 427.) That action is recorded in the following paragraph of the order of the Appellate Division upon which was entered the judgment which we now review: " * * * and it is Further Ordered that the findings, implied by the verdict, that there was no whistle signal from the train and that the flasher lights at the crossing were not operating, are hereby affirmed."

As the Appellate Division reversed on the law the judgment entered at Trial Term in plaintiff's favor and dismissed the complaint, we give to the plaintiff the most favorable inferences fairly to be deduced from the evidence. (*Horton* v. *New York Central R. R. Co.*, 237 N. Y. 38, 41.) The Appellate Division also held " * * * as matter of law that the neglect of the decedent,

who, concededly, was well acquainted with the crossing, contributed to the accident " and ruled further that " The testimony that the approaching train was not visible to the decedent for a sufficient time within which to permit the exercise of precaution for his safety is held incredible as a matter of law in view of the photographic evidence." (276 App. Div. 975, 976.)

We are mindful that the statutory change (L. 1913, ch. 228) which cast upon the defendant in a death action the burden of proving contributory negligence by the deceased person, did not change the common-law standard of care required of such decedent — that being a matter of substantive law. Upon that subject this court has said: " * * * If it does not appear whether or not the deceased exercised proper care when approaching the crossing, or if the proofs are equally balanced, the defendant fails to bear the burden of proof imposed upon it. Such is the substance of the statutory change in the common-law rule. Except for the shifting of the burden of proof, the rule is the same as in cases of personal injury not resulting in death. * * * " (*Schrader* v. *New York, C. & St. L. R. R. Co.*, 254 N. Y. 148, 150, 151.)

In the record before us there is testimony by six witnesses — each of whom was familiar with the terrain surrounding the grade crossing here involved —from which it appears that upon approaching the defendant's tracks along the course taken by the decedent just prior to the accident, the view of the tracks easterly from Bellmore Avenue was obstructed not only by a signal control box eight feet in height but also by underbrush and shrubbery " four, five or six feet high " then growing upon an embankment four feet in height which bordered the defendant's right of way on the north. Indeed each of those six witnesses testified that for a person proceeding southerly along Bellmore Avenue, as did the decedent, an unobstructed view of the defendant's tracks east of the avenue is not to be had until a point is reached a few feet from the tracks. There was also testimony by an eyewitness to the accident that as the decedent drove southerly along Bellmore Avenue and was about to pass onto the defendant's tracks a northbound closed-body truck, which had just crossed the tracks, passed the decedent on his left thus cutting off momentarily any view to the east which might otherwise have been available to him.

Although we have examined with care the photographs in evidence depicting the scene at the site of the accident, we cannot say, as did the Appellate Division, that the testimony of the six witnesses mentioned above, bearing upon the visibility from Bellmore Avenue easterly along defendant's tracks, is incredible as a matter of law. We think that testimony, when considered with findings by the courts below — which for us are conclusive upon items of evidence adduced upon the trial that the decedent was given no warning of an oncoming train by either the red flasher signal or the sounding of a whistle — made the question of decedent's contributory negligence one to be determined by the jury.

Although neither the failure of the flasher signal to operate and thus to warn the decedent to stop on the red signal short of the defendant's tracks, nor the failure of the defendant's agents to sound a warning whistle as its train approached the crossing, relieved the decedent of all care for his own safety, such failures, in the circumstances there prevailing, may well have affected the vigilance required of him. Such was the rule announced in *Elias* v. *Lehigh Valley R. R. Co.* (226 N. Y. 154, 157) where this court dealt with a like problem: " Where, although not required so to do, a railroad has stationed flagmen at a crossing, that fact, as to one who knows it and has come to rely upon it, *may be considered by a jury* in deciding whether under all the circumstances he has used reasonable care for his own protection. The absence of such a flagman may well affect the vigilance they would otherwise have required of an approaching traveler." (Emphasis supplied.) (See, also, *Christensen* v. *James S. Hannon, Inc.*, 230 N. Y. 205, 208–209; *Horton* v. *New York Central R. R. Co.*, *supra*, p. 49; *Wisniewski* v. *New York Central R. R. Co.*, 228 App. Div. 27, 28.)

The judgment of the Appellate Division should be reversed and that of Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.