A. David Benjamin, J.
Defendants move pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the second and fourth causes of action on the ground that insufficient facts are pleaded and to strike pursuant to rule 103 of the Rules of Civil Practice, certain paragraphs as frivolous, irrelevant, unnecessary and tending to prejudice, embarrass or delay a fair trial of the action.
The second cause of action in substance alleges that plaintiffs entered into an agreement of joint venture with defendants Rosen and Harris and that defendants Hein and Adams, with knowledge of the said agreement, “ wilfully and maliciously urged and induced the defendants Rosen and Harris to fail and refuse to perform their said agreements with the plaintiffs to the end that defendants Hein and Adams, rather than plaintiffs, might obtain the benefits of the joint venture agreement ”; thait defendants Rosen and Harris refused to perform their joint venture agreement and that early in May, 1955 they repudiated it.
In Campbell v. Gates (236 N. Y. 457, 459) a pleading similar to the cause in question was held to state facts sufficient to constitute a cause of action. It alleged that plaintiff entered into a contract with one McClure and that defendant, with knowledge thereof, “ ‘ wrongfully knowingly, intentionally and maliciously, induced, persuaded and procured said McClure to violate, repudiate and break his said agreement with the plaintiff and refuse to proceed further thereunder ’. ’ ’
In Lamb v. Cheney & Son (227 N. Y. 418), where the pleading alleged that plaintiff entered into a contract with one Bullard and that defendant with knowledge of said contract (p. 420) “‘maliciously enticed, induced and procured ’ ” Bullard to breach the contract, the court, in sustaining the complaint, said (p. 422): “The word ‘ maliciously ’ is defined in Bouvier’s Law Dictionary (Rawle 3d ed.) as meaning ‘ with deliberate *864 intent to injure. ’ In actions of this character the word should be given a liberal meaning. The act is malicious when the thing done is with the knowledge of plaintiff’s rights and with the intent to interfere therewith. In a legal sense it means a wrongful act, done intentionally, without just cause or excuse. (Mogul Steamship Co. v. McGregor, 23 Q. B. D. 598.) It does not mean actual malice or ill-will, but consists in the intentional doing of a wrongful act without legal justification.”
Accordingly, the motion to dismiss the second cause of action is denied.
In the fourth cause of action plaintiffs charge all of the defendants, except Franklin National Bank, with having conspired “ to gain control of Central Nassau Inc. for their own purposes and with the intent of denying plaintiffs the fruits of their joint venture agreement with defendants Bo sen and Harris ” and in pursuance thereof the joint venture agreement was breached, as alleged in the first cause of action and an agreement between plaintiffs and defendant Hein was breached as alleged in the third cause of action.
It is evident that the gist of the conspiracy action is the damage resulting from such claimed conspiracy. Proceeding on this premise the fourth cause of action is not maintainable against the defendants Bosen and Harris. The conspiracy alleged is not an independent cause of action but merely a restatement of the action for breach of contract and adds nothing by way of legal liability. (Labow v. Para-Ti Corp. 272 App. Div. 890; Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495; Miller v. Vanderlip, 285 N. Y. 116.) Nor is the action maintainable against the defendants Hein and Adams. If the plaintiffs prove the misconduct which is charged in the second cause of action they need not prove a conspiracy in order to recover. (Dumas v. Kalozois, 94 N. Y. S. 2d 749; Labow v. Para-Ti Corp., supra.) The motion to dismiss the fourth cause of action is granted.
The motion to strike pursuant to rule 103 of the Buies of Civil Practice is denied with respect to paragraphs 9, 10 and 22. To strike matter in a pleading the moving party must show that it is not only improper but that he is aggrieved by its inclusion. (Muller v. McCormick, 272 App. Div. 1027; Wayte v. Bowker Chem. Co., 196 App. Div. 665.) No such showing is made with respect to those paragraphs. Since the other paragraphs sought to be stricken are all contained in the fourth cause of action, which has been dismissed, a disposition thereof is academic.
Settle order on notice.