Michael Catalano, J.
Defendant moves for “ an order, pursuant to Rule 103 of the Rules of Civil Practice, striking out paragraph ‘ 6 subdivision ‘g’ of the plaintiff’s complaint, upon the ground that the allegations therein contained are frivolous, impertinent, redundant and will prejudice and embarrass the fair trial of the action ” and for an order directing the service of an amended complaint accordingly.
The objectionable allegations are: “ That there was long prior to, and on the date aforesaid a certain automatic signal light contrivance in common use at such crossings on said railroad and on well regulated railroads in this part of the country and which signal lights would automatically be exhibited upon the near approach of engines or trains to such crossings and for the purpose of warning persons about to cross the railroad at such crossings of the near approach of engines or trains to such crossings; that such automatic signal light contrivance was practicable and adequate for such purpose and was on the market, and was comparatively inexpensive; that it was necessary to the reasonably safe operation of said railroad at said crossing, and necessary to promote and secure the reasonable safety of persons and vehicles crossing said railroad thereat; that defendant should have installed and maintained such an automatic warning contrivance at said crossing for the purpose of warning persons about to cross the railroad thereat of the near approach of engines or trains to such crossing; that defendant refused and neglected to install and maintain such an automatic contrivance even though many accidents had occurred at such crossing prior to the instant accident, and due to the lack of such contrivance, among other things.”
Rule 103 of the Rules of Civil Practice, entitled, “ Striking out matter contained in a pleading, ’ ’ provides, in part:
‘ ‘ If any matter, contained in a pleading, be sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous or may tend to prejudice, embarrass or delay the fair trial of the action, the court may order such matter struck out, in which case the pleading will be deemed amended accordingly, or the court may order an amended pleading to be served omitting the objectionable matter.”
“ Motions to strike out portions of a pleading as irrelevant or redundant are not favored and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject-matter of the litigation. *1077 (Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121.) Such applications are addressed to the sound discretion of the court' and granted only where it is evident that if denied the moving party will be prejudiced (Howard v. Mobile Co. of America, 75 App. Div. 23), and denied unless it is apparent that the adverse party will not be harmed. (Rockwell v. Day, 84 App. Div. 437.) ’ ’ (Indelli v. Lesster, 130 App. Div. 548, 550-551; see, also, Dodge v. Campbell, 223 App. Div. 471, 476; George W. Woods, Inc. v. Althauser, 212 App. Div. 618, 621.)
Where a plaintiff pleads his “ evidence,” the defendant is “ a person aggrieved ” (under Code Civ. Pro., § 545) by such statements of evidence when he is required to admit, deny or ignore them in an action at law (Cleminshaw v. Coon, 136 App. Div. 160, 163), but when the allegations are ultimate facts bearing upon the cause for action they should be permitted to stand. (Halstead v. General Ry. Signal Co., 51 N. Y. S. 2d 372, affd. 268 App. Div. 1060.)
“Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied.” (Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302, 305.)
In any event, these motions are “ not favored ” (Solomon v. La Guardia, 267 App. Div. 435, 436), and the power of the court to strike should be exercised with “ caution.” (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Wayte v. Bowker Chem. Co., 196 App. Div. 665, 666.)
Allegations in the form of not evidence but ultimate fact describing prior, similar accidents at the place in question and knowledge thereof on the part of the defendant are relevant and material to plaintiff’s case to show a manifestly dangerous dition and defendant’s knowledge and notice thereof. (Angelson v. New York R. Tr. Corp., 240 App. Div. 907; Binder v. Zelda Constr. Corp., 51 N. Y. S. 2d 660, 661.) Also, ultimate facts may be pleaded and proved concerning the absence of signal lights or flagmen at the time and place of the accident, which is the subject of suit, to show whether, in view of such absence, the train was moved with prudence or negligence. (McGrath v. New York Cent. & Hudson Riv. R. R. Co., 63 N. Y. 522, 529; Houghkirk v. Delaware & Hudson Canal Co., 92 N. Y. 219, 227; Elias v. Lehigh Val. R. R. Co., 226 N. Y. 154, 157; Barnasky v. New York Ontario & Western Ry. Co., 226 N. Y. 435, 439; Davis v. Long Island R. R. Co., 301 N. Y. 450, 455.)
Nevertheless, it is not the duty of a railroad company to maintain a signal light or keep a flagman at a crossing, and it is not *1078 chargeable with negligence for the omission of any such supposed duty. (McGrath v. New York Cent. & Hudson Riv. R. R. Co., 63 N. Y. 522, 526, 527, supra; Houghkirk v. Delaware & Hudson Canal Co., 92 N. Y. 219, 227, supra; Elias v. Lehigh Val. R. R. Co., 226 N. Y. 154, 157, supra; Davis v. Long Island R. R. Co., 301 N. Y. 450, 455, supra.)
Here, the plaintiff’s attorney cited as his only authority for the allegations in question the suggested form for a complaint found in Nichols-Cahill Annotated, New York Civil Practice Acts (1938 ed., Yol. 4, p. 383, Form No. 1798, par. 8). The authors of said work cite no authority for the proposed form.
A comparison of the complaint herein and the complaint in said form book discloses that the words were adopted to suit the plaintiff’s particular case, which is as it should be, then three lines concerning prior accidents were added.
Subdivision g of paragraph 6 of the plaintiff’s complaint may be paraphrased, as follows: Prior to said date, a signal light was “in common use ” at crossings on “ well regulated railroads in this part of the country; ” that it was practical, adequate and inexpensive; that it was “ necessary to the reasonable safe operation of said railroad at said crossing; ” that “ defendant should have installed and maintained ’ ’ signal lights at such crossing, but it “ refused and neglected ” so to do, although many prior accidents had occurred there because of such omission.
Actionable negligence consists, generally, of a legal duty to exercise care toward a particular person, the failure to perform that duty, and consequent injury proximately caused by such failure. (Knox v. Eden Musee Co., 148 N. Y. 441, 461-462; Childs v. White, 158 App. Div. 1, 3; Toppi v. McDonald, 128 App. Div. 443, 447, affd. 199 N. Y. 585; 1 Warren, Negligence, § 3, p. 15; 1 Shearman & Redfield, Negligence, § 3, p. 9; 2 Harper & James, Law of Torts, § 16.9, p. 928; Restatement, Torts, § 284.)
Here, the complaint alleges, in effect, that well-regulated railroads necessarily should install and maintain signal lights at crossings for the reasonably safe operation thereof; that the defendant refused and neglected to do so. In other words, it alleges a duty of care that was breached. No such duty of care legally exists in this State, therefore, subdivision g of paragraph 6 of the complaint is frivolous, impertinent, redundant and will prejudice and embarrass the fair trial of the action.
The allegations, therein, concerning prior accidents, are so connected to the other improper allegations that, as stated, they too are improper.
Thus, the motion is granted, without costs, but with leave to the plaintiff to serve an amended complaint in compliance with *1079 this opinion within 20 days after the service upon the plaintiff’s attorney of a copy of the order to be executed herein, with notice of entry, otherwise the complaint will be deemed amended accordingly.
Prepare and submit proper order.