(3 App. Div. 411.)

SCHROEDER v. POST.

(Supreme Court, Appellate Division, Second Department. April 28, 1896.)

PLEADING—REDUNDANCY—MOTION TO STRIKE OUT.

 It is error for the trial court to refuse to strike out, as redundant, paragraphs of the complaint containing merely items of evidence tending to establish the cause of action set forth in the previous part of the complaint.

Appeal from special term.

Action by Frederick A. Schroeder against Henry A. V. Post, impleaded with others. From an order denying a motion to strike out, as redundant and immaterial, certain portions of the complaint, defendant Post appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John C. O'Conor, for appellant.

Stillman F. Kneeland, for respondent.

BARTLETT, J. The complaint in this action contains 21 numbered paragraphs. The cause of action is stated in paragraphs 1 to 25, inclusive. Those paragraphs allege, in substance, that the plaintiff was induced to subscribe for and purchase 50 shares of the preferred stock of the United Domestic Sewing-Machine Company, in reliance upon a prospectus which the defendants caused to be published and distributed, with their names thereon as directors, with intent to influence the public, and which prospectus was largely made up of statements that were not true in fact, and were known by the defendants to be false. The subsequent paragraphs, from that numbered 16 to that numbered 21, inclusive, allege facts which, if true, are merely items of evidence tending to establish the cause of action set forth in the previous portion of the complaint. They were so regarded by the learned judge at special term, who expressed the opinion that they were unnecessarily pleaded, but who denied the motion to strike them out as irrelevant and redundant, because strict pleading has become, to quote his own language, "a lost art in this state." If it be true, indeed, that the art of strict pleading is lost, we think it is the duty of the courts to do what they can to restore it; and, to that end, the motion in this case should be granted. Unless the provision of the Code which authorizes the court to strike out irrelevant and redundant matter is to be treated as a nullity, the appellant is entitled to relief there-

under. A party should not be compelled, in pleading, to admit or deny a dozen printed folios of a complaint containing nothing but the particulars of evidence, which may be pertinent to the plaintiff's cause of action, as proof, but which are in no wise necessary to a statement thereof. The cause of action in the present case is clearly and fully set out in the first 15 numbered paragraphs of the complaint; and, as a matter of pleading, all that follows the fifteenth paragraph, except the prayer for judgment, is redundant, and should be stricken out.

Order reversed, with costs and disbursements, and motion granted, with $10 costs. All concur.