HAMILTON v. HAMILTON et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. PLEADING—MATTERS OF EVIDENCE.

A complaint should contain a plain and concise statement of the facts constituting the cause of action, and it is not good pleading to set forth evidence tending to establish such facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 31.]

2. SAME—IRRELEVANT OR REDUNDANT MATTER—STRIKING OUT ON MOTION.

Irrelevant and redundant matters of evidence, alleged in a complaint otherwise sufficient, should be stricken out on defendant's motion, under Code Civ. Proc. § 545, authorizing the striking out of such matter on motion of "a person aggrieved thereby."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156–1162.]

Appeal from Special Term.

Action by John C. L. Hamilton against Adelaide Hamilton and others, as executors, etc. From an order denying a motion to strike out portions of the complaint as redundant, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

John G. Milburn, for appellants.
Delos McCurdy, for respondent.

McLAUGHLIN, J. This action is brought under section 2653a of the Code of Civil Procedure to procure a judgment declaring invalid three codicils to the will of Alice Hamilton, deceased, which had been admitted to probate. The facts set out in the complaint, upon which such judgment is asked, are that the testatrix, at the time of the execution of the codicils, was of unsound mind and incompetent to make a will. A motion was made to strike out all of subdivision 3 and a part of subdivision 4 of the complaint upon the ground that the matter there set forth is irrelevant and redundant. The motion was denied, and the appeal is from the order.

If the motion had been granted, the complaint would then plainly and concisely set forth the facts constituting plaintiff's cause of action. It would then allege the execution by the testatrix of the will and the codicils thereto; her lack of testamentary capacity at the time of the execution of the codicils; her death; probate of the will and codicils; the issuance of letters and the alleged interest of the parties to the action; indeed, every necessary fact which, if established at the trial, would entitle the plaintiff to judgment is set forth. The matter sought to be stricken out adds nothing to these facts. It is, at most, but evidence of the facts which would entitle the plaintiff to the judgment sought, viz., that the testatrix was of unsound mind and lacked testamentary capacity at the time the codicils were executed.

A complaint should contain a plain and concise statement of facts constituting the cause of action, not the evidence which will establish such facts. It is not good pleading to set forth the evidence tending to establish the facts upon which the cause of action is predicated, and while it is true as a general proposition that the court does not strike out allegations in a pleading for that reason only, nevertheless it does so whenever it is able to see that unless they be stricken out the opposing party may be injured thereby. Here, to permit the matter sought to be stricken out to remain in the complaint might prejudice the defendants because their answer must either admit, deny, or ignore the matter thus pleaded, and, unless it be denied, it stands admitted.

There is a distinction between a motion to strike out allegations as irrelevant and redundant in an answer and one to strike out allegations of the same character in a complaint. In the former case, it has been held that the plaintiff is not aggrieved by permitting such matter to stand, inasmuch as there is no necessity of replying thereto; while in the latter case the answer must deny the same. Tradesmen's Nat.

Bank v. U. S. Trust Co., 49 App. Div. 362, 63 N. Y. Supp. 526. The necessity of answering such irrelevant and redundant matter brings a defendant, when moving to strike out the same, within the meaning of section 545 of the Code of Civil Procedure as "a person aggrieved thereby." Schroeder v. Post, 3 App. Div. 411, 38 N. Y. Supp. 677; Schroeder v. Young, 49 App. Div. 640, 63 N. Y. Supp. 110. Bradner v. Faulkner, 93 N. Y. 515, and Dinkelspiel v. N. Y. Evening Journal Co., 91 App. Div. 96, 86 N. Y. Supp. 375, upon which the learned justice at Special Term relied, as appears from his opinion, are distinguishable from this case for the reason that there the motion was to strike out portions of the answer, and, inasmuch as there was no necessity for the moving party to reply to the matter sought to be stricken out, he was not a person "aggrieved."

I am of the opinion that the matter set forth in subdivision 3, and that portion of subdivision 4 as indicated in the notice of motion, is redundant, and for that reason the motion to strike out should have been granted.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to strike out granted, with $10 costs. All concur.