## POWERS v. RIDDER.

## SAME v. CATHOLIC NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

PLEADING (§ 364\*)—MOTIONS TO STRIKE OUT MATTER IRRELEVANT AND REDUNDANT.

On a motion to strike out certain allegations in a complaint for libel, where it was not contended by the plaintiff that the allegations sought to be stricken out were necessary to his cause of action, and the most that could be claimed was that the facts alleged might be or become relevant, those statements should be stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.\*]

Appeal from Special Term, New York County.

Actions by Thomas E. Powers against Henry Ridder and Thomas E. Powers against the Catholic News Publishing Company. From an order denying a motion to strike out certain allegations as irrelevant and redundant, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John E. Donnelly, for appellants.

M. De Witt, for respondent.

MILLER, J. The action is for libel. It is not contended by the plaintiff that the allegations sought to be stricken out are necessary to a statement of the plaintiff's cause of action. The most that is claimed is "that the facts alleged may be or become relevant." Ultimate, not evidentiary, facts are to be pleaded. Possibly the plaintiff may be permitted to prove on the trial the truth of the averments, sought to be stricken out, although it may be difficult now to understand how such proof can become relevant, but such possibility does not justify the retention of redundant matter in the complaint. If said facts ever can become relevant, they can be proved without being specifically averred in the complaint, and the defendants should not be compelled to plead to evidence. Shroeder v. Post, 3 App. Div. 411, 38 N. Y. Supp. 677; Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Cleminshaw v. Coon, 136 App. Div. 160, 120 N. Y. Supp. 181.

The orders should be reversed, with $10 costs and disbursements, and the motions granted, with $10 costs. All concur.