(162 App. Div. 232)

### LASHER v. McDERMOTT. (No. 86—4.)

(Supreme Court, Appellate Division, Third Department.  May 6, 1914.)

PLEADING (§ 367*)—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

    In an action against an executor for his testatrix's breach of contract, where the answer admitted some of the allegations of the complaint and as to the others denied that the executor had sufficient knowledge or information to form a belief, the answer is sufficiently definite and certain to raise an issue, and hence plaintiff's motion to require it to be made definite and certain should be refused; the question whether the form of the denial is sufficient being one to be determined on trial.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, Albany County.

Action by Abbie Lasher against Thomas F. McDermott, as executor of the last will and testament of Rose Quest, deceased. From an order denying plaintiff's motion to require defendant to make his answer definite and certain, plaintiff appeals. Affirmed.

See, also, 141 N. Y. Supp. 1128.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles B. Templeton, of Albany, for appellant.
Pierre E. Du Bois, of Albany, for respondent.

WOODWARD, J. The complaint alleges a cause of action against the defendant, as executor of the last will and testament of Rose Quest, deceased, and claims to be entitled to a judgment for the value of a certain house and lot and certain household furniture; it being claimed that the testatrix in her lifetime agreed to give to the plain-

tiff this property, by her will, in consideration of the performance of services as a nurse and attendant during her last illness. The defendant's first separate defense admits certain allegations of the complaint, and "as to each and every other allegation of the complaint the defendant denies that he has any knowledge or information sufficient to form a belief." The plaintiff moved for an order of the court to compel the defendant to make this defense definite and certain, and, this motion having been denied, appeal is made to this court.

We are clearly of the opinion that the order appealed from should not be disturbed. The answer is sufficiently definite and certain to raise an issue. It admits certain facts and puts in a general denial as to the remainder, and this is all that the Code of Civil Procedure requires. Whether the denial of information and belief is sufficient is a question of law to be determined upon the trial, but is not properly to be tested by a motion to make definite and certain. "The law does not allow of a captious and strained intendment, for such nice pretense of certainty confounds true and legal certainty" (Broom's Legal Maxims [8th Ed.] 187), and so it has been held that a pleading is not objectionable as ambiguous or obscure if it be certain to a common intent; that is, if it be clear enough according to reasonable intendment or construction, though not worded with absolute precision (Stephen on Pleadings [6th Ed.] 312). Here the pleading follows the common form and puts in issue the matters not denied, and there can be no question of its reasonable certainty.

The order appealed from should be affirmed, with costs. All concur.