LEON BRESSLIN, Respondent, *v.* SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant.

Second Department, March 9, 1917.

Libel — publication of report of proceedings before city magistrate privileged — publication showing method of commission of crime privileged although not stated in affidavit before magistrate.

The publication of a fair and true report of proceedings before a city magistrate is privileged.

Where an affidavit before a city magistrate charges a person with grand larceny, the publication of the method of the crime, although not specifically stated in the affidavit, does not afford ground for a libel suit to recover compensation for injury to reputation where the method does not in itself imply greater turpitude than does the charge of the commission of the crime.

APPEAL by the defendant, Sun Printing and Publishing Association, from a judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of May, 1916, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

The action is for libel. By affidavit made by a jeweler before a city magistrate, the plaintiff was charged with a larceny of a diamond ring valued at eighty-two dollars. The affiant deposed that plaintiff had come to affiant's shop; had by signs indicated that he wished to see some diamond rings; that four rings were shown to him; that he had put the four rings, including the said ring, upon a finger of his hand; that after trying the rings he placed but three of them on the show case and indicated that he was not satisfied; that when the said ring was sought it had disappeared, and that none other but the plaintiff had the same in his possession. Thereafter the defendant published an article as follows:

"SUCKS RING DOWN HIS THROAT.

"Jeweler Says Customer Adopted Ruse to Get $90 Circlet.

"A deaf mute who told the police in writing that he was Leon Bresslin of 62 Seventh Avenue, Brooklyn, entered Charles Fink's jewelry store at 287 First Avenue yesterday and made signs indicating that he wanted to buy a ring. Fink put a tray on the counter. Bresslin tried two rings on his finger. The smaller was tight so he put his finger into his mouth to make the finger slippery. Fink says the finger came forth bare and that a $90 ring had gone down Bresslin's throat.

"Fink's wife ran around the corner to the East Twenty-second Street police station. Detective Jeremiah Barbour arrested Bresslin and charged him with grand larceny. Bresslin will be in the Essex Market Court this morning."

*Charles K. Carpenter* [*Frederick W. Jackson* with him on the brief], for the appellant.

*Julius S. Belfer*, for the respondent.

JENKS, P. J.:

The publication of a fair and true report of proceedings before the magistrate is privileged. (*Bissell* v. *Press Publish-*

*ing Co.*, 62 Hun, 552.) The publication may consist of an abridged or of a condensed statement. (*Salisbury* v. *Union & Advertiser Co.*, 45 Hun, 120.) In determination whether headlines are proper and fair, they and the article itself must be read together. (*Lawyers' Co-Operative Pub. Co.* v. *West Pub. Co.*, 32 App. Div. 585, 590.) There is no proof of malice.

The sergeant of police who made the arrest testifies that, when he was called into the shop, the jeweler said that the plaintiff had " ' put his finger up to his mouth [illustrating] and the ring is gone.' I says: 'Did he swallow it?' He says: ' He must have swallowed it.' At least, I believe that is just what I recollect now. I believe he swallowed it." But these incidents were not incorporated in the said affidavit, and, therefore, we are not to consider them so far as the question of a privileged publication is concerned.

The affidavit did not purport to specify the means of the alleged larceny. When the publication that a man has been arrested, charged with grand larceny, is privileged in view of an affidavit submitted to a magistrate, I fail to perceive how a publication of the method of the crime, although the method is not specifically stated in the affidavit before the magistrate, if the method does not in itself imply greater turpitude than does the charge of the commission of the crime, affords ground for a libel suit to recover compensation for injury to reputation. The means as narrated in this publication may have subjected the plaintiff to contempt, to ridicule or to scorn, but to be actionable, the words must have affected his reputation. Writing for the court, I have discussed heretofore this proposition in *Cohen* v. *New York Times Co.* (153 App. Div. 242).

I advise that the judgment and the order be reversed, with costs, and that the complaint be dismissed, with costs.

THOMAS, MILLS and PUTNAM, JJ., concurred; CARR, J., not voting.

Judgment and order reversed, with costs, and complaint dismissed, with costs.