HARRY GOODROW, Respondent, v. NEW YORK AMERICAN, INC., Appellant.

Third Department, June 30, 1931.

*Charles C. Smith* [*Charles K. Henry* of counsel], for the appellant.

*O'Connell Brothers* [*B. Loyal O'Connell* of counsel], for the respondent.

WHITMYER, J.   The action is for libel and is based on the publication, on September 20, 1930, of the following article:

" Dry accused in sale of confiscated rum.   Ogdensburg, N. Y., Sept. 19 (AP).   Charged with taking smuggled liquor from railroad passengers and selling it himself, Harry Goodrow, United States Customs inspector at Rouses Point, a fifteen-year veteran of the service, has been suspended, John C. Tulloch, collector of the port of Ogdensburg, announced to-day."   And it is alleged that defendant published the article " maliciously, wantonly and carelessly."

The answer admits the publication, but denies malice, falsity of the article and damage.   For a separate and partial defense, upon information and belief, it alleges plaintiff's appointment as a customs inspector on July 7, 1917; the preferment of charges against him on July 18, 1930, and his suspension on July 19, 1930, from duty as an inspector, without pay, pending an investigation as to charges to the effect that he delivered to the deputy collector of customs a bottle of gin, which he had kept in his locker for several days, in violation of instructions as to the disposition of intoxicating liquors seized by inspectors, with a misstatement as to when it came into his possession; inefficiency in the inspection of automobiles and trains and conduct unbecoming an officer and a gentleman; additional charges, on August 20, 1930, of failure to report promptly for duty at the times and places designated; carelessness in the examination of shippers' export declarations: carelessness in the inspection of automobiles

and baggage and passengers on trains entering the country; failure to promptly record and deliver a bill of sale for a canal boat; attempts to discredit the administration of the deputy collector at Rouses Point; carelessness and negligence in carrying out instructions about automobile permits, the execution of bonds to produce shippers' export declarations, and the like; failure to go on duty at Overton's Corners as directed in a written schedule; repetition of the charge that, on July 17, 1930, when asked to turn in his receipt book, he stated that it was in his locker and that the deputy collector then discovered him in the act of removing from his locker in the customs office a bottle of gin, which he thereupon handed to the said deputy with the statement, at first, that he had found it the night before in front of the customs office, then that he had picked it up in the street several days before; continuous insubordination, dereliction in his duties, tardiness, inattention to duties and acts unbecoming an officer and a gentleman, with the recommendation for his discharge.

The answer then alleges that these facts were known to defendant prior to the publication, had been communicated from trustworthy persons, without naming them, and from trustworthy sources, without specifying, and were relied upon by defendant and believed to be true; finally, that defendant was informed, prior to the publication, that plaintiff had confiscated liquor found in the possession of passengers on trains, had sold same in violation of law, and that it published the article, believing that it was true.

The separate defense is called a partial defense and it is not pleaded in justification. Its purpose is mitigation, as showing absence of malice, for the purpose of reducing punitive damages. Whether or not the matters alleged are competent in mitigation is the question. (*Dolevin* v. *Wilder*, 34 How. Pr. 488.)

The Civil Practice Act, section 338 (as amd. by Laws of 1930, chap. 619), provides that in an action for libel or slander, the defendant may prove mitigating circumstances, including the sources of his information and the grounds of his belief, notwithstanding that he has pleaded or attempted to prove a justification.

Here it is apparent that an Associated Press dispatch was one of defendant's sources of information, but it does not so state. And the sources, so far as they were persons, are not specified. Plaintiff may obtain the information, if desired.

Section 339 of the Civil Practice Act provides that the defendant may prove, at the trial, facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action.

The truth of some relevant portion of a libelous article may tend to show that a plaintiff ought not to have the amount of compensation which he might justly claim if his reputation had been unaffected by the facts proved. (*Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474, 479.)

But the facts must be connected with or bear upon the charge. (*Mattice* v. *Wilcox*, 147 N. Y. 624; *Hess* v. *New York Press Co.*, 26 App. Div. 73, 75.)

The test is whether or not the alleged mitigating facts and circumstances would reasonably induce, in the mind of a person possessed of ordinary intelligence and knowledge, a belief in the truth of the charge. (*Dolevin* v. *Wilder, supra*, 491.)

In effect, the article stated that plaintiff was suspended on the charge of taking smuggled liquor from railroad passengers and selling it himself. It charged that he took and sold smuggled liquor and that he was suspended. The facts set up in mitigation contain one relating to gin, namely, that plaintiff obtained a bottle from some source, arousing the deputy collector's suspicions, that he kept it several days in violation of instructions, and then turned it over to the deputy collector. And there is an allegation of suspension on that charge, without pay, pending an investigation. There is no allegation that the gin had been smuggled or taken from a passenger or that plaintiff sold it.

Whether or not the facts as alleged would induce, in the minds of a person of ordinary intelligence, the belief in the truth of the published article is the question.

Motions to strike out parts of a pleading are not favored and are denied unless it is apparent that harm will result from the denial.

Where there is the semblance of a defense in a pleading, its sufficiency cannot be determined on motion and, if there is any doubt whether or not the facts, proposed to be proven, tend to disprove malice, the evidence should be admitted and submitted to the jury, under proper instruction. (*Hatch* v. *Matthews*, 85 Hun, 522, 528; *Bradner* v. *Faulkner*, 93 N. Y. 515, 522.)

Paragraph 5 of the separate defense relates to plaintiff's appointment and employment as an inspector in the customs service and, so, has some relation to the article.

Paragraph 6, subdivisions a, b and the latter part of e, with paragraph 7, subdivision h, relate to the bottle of gin and, to that extent, are relevant.

The article states that plaintiff was suspended, so that paragraph 8, so far as it relates to the collector's recommendation for plaintiff's discharge, should be permitted to stand.

And paragraphs 9 and 10 relate to the communication to defendant, upon which it relied, and, if proved, may tend to disprove malice, so that they should be permitted to stand, so far as herein permitted.

The charges of inefficiency, insubordination, conduct unbecoming an officer and a gentleman, and the like, not involving criminality or moral turpitude, are entirely unrelated to the charge as published, which involves both criminality and moral turpitude, so that these were properly stricken out.

Therefore, the order should be reversed so far as it strikes out paragraphs 5, 6, subdivisions a, b, latter part of e, 7, subdivision h, 8, 9 and 10, and otherwise should be affirmed, and the order, as so modified, should be affirmed, with ten dollars costs and disbursements.

All concur, except RHODES, J., who dissents and votes for reversal of the order and denial of the motion.

Order modified in accordance with the opinion, and as so modified affirmed, with ten dollars costs and disbursements.