HARRY GOODROW, Appellant, *v.* THE NEW YORK TIMES COMPANY, Respondent.

Third Department, May 15, 1934.

*O'Connell Brothers* [*B. Loyal O'Connell* of counsel], for the appellant.

*Cook, Nathan & Lehman* [*Patrick J. Tierney* and *Louis M. Loeb* of counsel], for the respondent.

HILL, P. J. The plaintiff appeals from an order setting aside a verdict of $8,000 awarded him by the jury in this libel action, and granting a new trial unless he stipulates to accept $1,000. There being no proof as to malice, the verdict was for compensatory damages only because of the publication by defendant in its newspaper of the following article:

'CUSTOMS MAN SUSPENDED.

Up-State Agent Accused of Selling Smuggled Liquor He Seized.

"Ogdensburg, N. Y., Sept. 19 (AP) — Charged with taking smuggled liquor from railroad passengers and selling it himself,

Harry Goodrow, United States Customs Inspector at Rouses Point, a fifteen-year veteran of the service, has been suspended, John C. Tulloch, Collector of the Port of Ogdensburg, announced today.

" Inspector Goodrow has been stationed at Rouses Point during almost all of his fifteen years with the customs, said Mr. Tulloch. The Collector said many other charges against Mr. Goodrow were being investigated."

Actions have been brought by plaintiff against other newspapers for the publication of substantially the same article. (*Goodrow* v. *New York American, Inc.*, 233 App. Div. 37; *Goodrow* v. *Press Co., Inc.*, Id. 41; *Goodrow* v. *Malone Telegram, Inc.*, 235 id. 3.) The plaintiff urges a reversal upon the general ground that the verdict was not excessive and because the court acted upon a misconstruction of section 338-a of the Civil Practice Act. Plaintiff has already recovered damages and received settlements aggregating $21,000 from other defendants. The trial court charged concerning this: " It is as much your duty to take that into account in the assessment of any damages that you award here as if the defendant, The New York Times, had already paid him that amount on account, and if you find that the injury which came to his good name, fame and reputation by reason of this particular article was not more than $21,000, if that should be your determination on the facts of this case, as jurors here, then I say to you under the law your verdict must be for six cents." Section 338-a, to which the foregoing construction is given, reads: " Evidence in action for libel. At the trial of any civil action for libel, the defendant may prove, for consideration by the jury in fixing the amount of the verdict, that the plaintiff has already recovered damages, or has received, or agreed to receive, compensation in respect of a libel or libels of a similar purport or effect as the libel for which such action has been brought." (Added by Laws of 1924, chap. 635, in effect Sept. 1, 1924.)

It does not warrant the charge made by the court. The permission given a defendant to prove, for the consideration of the jury, the sums paid plaintiff by other publishers of a like libel, did not justify the charge that defendant was entitled to a credit of these payments against the damage it caused. Under the court's construction, the verdict of $8,000 indicated a determination by the jury that plaintiff had suffered damages of $29,000 through defendant's publication, on account of which $21,000 had been paid. We do not agree with this construction, and it follows that we do not approve the order setting aside the verdict.

Section 338-a was enacted in 1924 (Chap. 635) together with its companion, section 97-a of the Civil Practice Act (added by Laws of 1924, chap. 636). They were each copied from an English statute (51 & 52 Vict. chap. 64, an act to amend the law of libel). Section 97-a permits the consolidation of all pending actions for libel brought by the same plaintiff against defendants on account of the publication of " libel of similar purport or effect " and permits actions brought after the consolidation order to be joined with the consolidated action; requires the jury to assess the whole amount of damage suffered by plaintiff and to apportion it against the several defendants. Upon the trial of such a consolidated action, there would be proof concerning the separate and combined circulation given the libel by the several newspapers or other circulating mediums, and the circumstances attendant upon the publication by each defendant, permitting the jury to fix plaintiff's aggregate damage and apportion it fairly against the defendants.

Where actions are tried separately and evidence is given as permitted by section 338-a as to damages recovered or settlements received, the jury has not the same opportunity to determine the aggregate damage accurately, and to make a fair apportionment thereof. The amount of each separate verdict or settlement may consist of compensatory damages. Again the jury may, in certain instances, have awarded smart money to the plaintiff because of the malice of a particular defendant or his recklessness in publishing the defamatory article after learning of its falsity. These elements are unlitigated and unknown to a jury sitting in an isolated case. The plaintiff is entitled to damages in each case which shall be precisely commensurate with the injury caused him by the publication of the libel by the particular defendant. The amount is arrived at by taking into consideration the extent of the circulation, the social and business standing of the plaintiff, and the tendency which such a publication has to injure such a plaintiff in the public estimation of his character. (*Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Abell* v. *Cornwall Industrial Corp.*, 241 id. 327.) Where there has been a publication in several newspapers, the damage caused by each newspaper is measured generally by its own circulation and influence. Each newspaper will be responsible for the shadow it casts on plaintiff's reputation and for this the owner should pay; in addition, there will be overlapping, where the shadow is caused by more than one publication. Each contributor to the composite shadow should pay a proportionate amount of the damage caused thereby. For this purpose, proof as to other verdicts and settlements is proper.

The verdict was set aside as being excessive.   This determination was made because of an erroneous construction of section 338-a. The record discloses no reason for a new trial, and the order should be reversed on the law and facts, and the verdict reinstated.

McNamee, Bliss and Heffernan, JJ., concur; Crapser, J., dissents and votes to affirm.

Order reversed on the law and facts, with costs, and verdict reinstated.