ALVAH W. BURLINGAME, Respondent, v. THE SUN PRINTING AND PUBLISHING ASSOCIATION, Appellant.— In an action for libel, order striking out certain defenses and paragraphs of the amended answer modified so as to provide that such defenses and paragraphs be struck out except those portions thereof which are material to and have some bearing upon the particular portion of the article complained of, namely, that plaintiff had taken large sums from the company's funds as compensation for his services without legal authorization. As so modified, the order is affirmed, without costs. In our opinion, the plaintiff does not allege that the whole article referred to is libelous, but only the portion thereof containing the particular defamatory matter above referred to. We are further of the opinion that, so far as the amended answer alleges that plaintiff took large sums of money from the corporation without legal authorization, it alleges a justification as broad as the charge and constitutes a sufficient defense, even though it does not allege that those sums so taken were as compensation for plaintiff's services. The gravamen of the charge is the misappropriation or conversion of corporate funds, and plaintiff's purpose in such misappropriation adds nothing to that charge and is not material thereto. The justification is, therefore, sufficient without alleging the truth of that purpose as stated in the article complained of. (See Beecher v. Press Publishing Co:, 60 App. Div. 536; 36 C. J. 1233; Bresslin v. Sun Printing & Publishing Assn., 177 App. Div. 92; Tully v. New York Times Co., 78 Misc. 165; Cafferty v. Southern Tier Publishing Co., 226 N. Y. 87.) The second defense in mitigation, so far as it alleges matter bearing upon the particular charge complained of, is also sufficient, but not as to other immaterial matters therein alleged. (See Mattice v. Wilcox, 147 N. Y. 624; Goodrow v. New York American, Inc., 233 App. Div. 37; Bergstrom v. Ridgway Co., 138 id. 178.) Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur. Settle order on notice.