BERNARD KRAMER, Respondent, *v.* NEWS SYNDICATE Co., INC., Appellant.

First Department, June 19, 1940.

*Stuart N. Updike* of counsel [*James W. Rodgers* with him on the brief; *Townley, Updike & Carter*, attorneys], for the appellant.

*Julius M. Arnstein* of counsel [*Joseph Dannenberg* with him on the brief; *Lee Hazen*, attorney], for the respondent.

MARTIN, P. J. The appellant published in its newspaper an article reporting the arrest of the respondent. Because of that publication the respondent has recovered a judgment in the sum of $2,179.40, which was entered on the verdict of a jury.

The record discloses that a warrant for respondent's arrest and a search warrant were issued on an affidavit made by an agent for the New York Society for the Suppression of Vice, which set forth that the respondent sold to the agent six obscene and indecent photographs at 45 West Forty-fifth street, New York city, N. Y., in violation of section 1141 of the Penal Law; that the photographs annexed to the affidavit tended to incite lust and lecherous desires; and that in the possession of the respondent the agent saw other pictures of a similar character and books which he believed to be indecent. The warrants were executed. The respondent was arrested, and 1,060 large photographs, 850 sheets of miniature photographs, each consisting of 231 pictures, and seventeen magazines, were seized by the police officers. Later, on the same day, respondent was released on bail in the amount of $500. The next morning the respondent was arraigned before a city magistrate who held him for the Court of Special Sessions where he was later acquitted.

The record establishes that the respondent conducted business at 45 West Forty-fifth street under the trade name of Graphic Art Importing Company. The respondent was the United States representative for "Artists' Magazine," a British publication. He also published a course in drawing called "Graphic Home Course and Study," which was devoted solely to the drawing of the human figure and consisted of instructions by correspondence. In addition to these legitimate activities, respondent was interested in a company known as "Peters Supply Company" which sold nude photographs and caused advertisements to be placed in magazines such as "La Paree," "Spicy Stories," and "Pep Stories." The headquarters of the group associated with respondent in the supply company was the respondent's office. The "Peters Supply Company" had no relation to the "Artists' Magazine" or to any art course. It was that part of respondent's business which prompted action by the Society for the Suppression of Vice.

The article complained of set forth, in substance, the charges made against the respondent. There is exaggeration as to the scope of the business and the value of the articles seized. Mere exaggeration will not support a charge of libel. (*Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers, Inc.,* 260 N. Y. 106.) It is conceded that there is no evidence to support the statement

attributed to the police in the last paragraph of the article which is the subject of complaint. In view of the established facts, however, the respondent's reputation could not have been affected thereby. The gravamen of the charge against respondent was the possession and sale of the indecent books, pamphlets, circulars and pictures. The matter attributed to the police did not impute to respondent any greater moral turpitude than that which appeared in the affidavit of complainant and the warrants issued pursuant thereto and is not actionable. (*Bresslin* v. *Sun Printing & Publishing Assn.*, 177 App. Div. 92.)

We are of opinion that the defendant succeeded in establishing the defense that the article complained of is a fair and true report of judicial and other public and official proceedings.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

GLENNON, COHN and CALLAHAN, JJ., concur; UNTERMYER, J., dissents and votes to affirm.

UNTERMYER, J. (dissenting). The defendant's news article contains not merely the report of a judicial proceeding but includes statements which magnify the plaintiff's activities beyond all recognition. The fact that some parts of the articles are true does not prevent the plaintiff from recovering for that which is false and detrimental to him. Even if the photographs be regarded as obscene, that did not entitle the defendant to libel the plaintiff with impunity by the misstatement of other facts.

The judgment and order should be affirmed.

Judgment and order reversed, with costs, and complaint dismissed, with costs.