MILTON SOLOMON, Respondent, *v.* FIORELLO H. LAGUARDIA et al., Appellants, et al., Defendants.

Second Department, March 6, 1944.

*Ignatius M. Wilkinson, Corporation Counsel, Morris Shapiro* and *James Hall Prothero* for appellants.

*Louis B. Brodsky* for respondent.

MEMORANDUM BY THE COURT. In separate causes of action plaintiff sues to recover damages for libel, slander and malicious prosecution, alleged to have resulted from a conspiracy entered into by defendants. Appellants moved under rule 103 of the Rules of Civil Practice to strike out the allegations contained in paragraphs " Seventh " to " Fortieth ", inclusive, of the complaint. The motion was denied and this appeal followed.

Order affirmed, with ten dollars costs and disbursements, and appellants' time to answer is extended until ten days from the entry of the order hereon. Motions to strike out parts of a pleading as unnecessary and improper are not favored (*Goodrow* v. *New York American, Inc.,* 233 App. Div. 37, 40) and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject matter of the litigation. (*Gerseta Corp.* v. *Silk Assn. of America,* 220 App. Div. 302, 305.) On the argument it was conceded that the matters sought to be stricken out would be a proper subject of proof and, therefore, the presence of such matters in the complaint involves no prejudice and will not tend to embarrass or delay the fair trial of the action. (Rules Civ. Prac., rule 103.) As such motions are addressed to the sound discretion of the court, which is to be exercised with caution (*Dodge* v. *Campbell,* 223 App. Div. 471; *Wayte* v. *Bowker Chemical Co.,* 196 App. Div. 665), it may not be said that the Special Term erred in denying the motion, particularly in this type of action, where greater latitude in pleading is permitted. [See *post,* p. 957.]

CARSWELL, JOHNSTON, LEWIS and ALDRICH, JJ., concur; CLOSE, P. J., dissents and votes to reverse the order and to grant the motion in opinion.

CLOSE, P. J. (dissenting). Defendants LaGuardia and others appeal from an order denying their motion, made pursuant to rule 103 of the Rules of Civil Practice, to strike out certain paragraphs of the complaint herein.

The complaint contains three causes of action, viz., libel, slander and malicious prosecution. The matter sought to be struck out is found in paragraphs " Seventh " through " Fortieth " in the first cause of action and is repeated, by reference, in the other causes. It is contended that these allegations are necessary to allege a conspiracy on the part of defendants. As I read this complaint, the allegations complained of are clearly irrelevant, redundant and unnecessary. Section 241 of the Civil Practice Act requires a " plain and concise statement of the material facts, * * * but not the evidence by which they are to be proved." The ultimate facts are to be alleged. (*California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 49.) The ultimate facts are those facts to which the law directly annexes consequences. In a tort action based upon a conspiracy, the ultimate fact is that the defendants acted in concert. The purpose of such an allegation is to make the defendants responsible for the acts and utterances of each other. (*Brackett* v. *Griswold*, 112 N. Y. 454.) Each of the three causes of action set forth in this complaint is complete without consideration of the matter complained of.

The first cause of action alleges that the defendants, acting in concert, wantonly and maliciously published a certain report, a copy of which is annexed to the complaint and which is clearly libelous on its face. The second cause of action charges that defendant LaGuardia, acting in concert with the other defendants, maliciously spoke publicly certain false and defamatory words concerning the plaintiff. These words are set forth *in haec verba* and are slanderous *per se*. The third cause of action charges that the defendants, acting in concert, attended and testified maliciously and falsely before a Grand Jury and, without probable cause, charged plaintiff with a felony and procured an indictment against him.

The evidentiary facts upon which the alleged conspiracy is claimed to be based are too numerous to be set out in detail but, in general, they refer to a controversy revolving around the enactment of a local law requiring buildings in New York City to be equipped with so-called " stirrup pumps." Reference is

made to charges in the public press about the existence of a monopoly in the sale and distribution of these pumps, to the speeches made in the City Council pro and con on that question, the hearings held before certain governmental agents, letters written by unnamed persons to the newspapers and to one of the defendants, and to the confederation of the defendants to prevent the repeal of the ordinance; and that, to divert public attention from certain erroneous statements made by one of the defendants, they made the plaintiff the scapegoat by making the charges complained of against him. These allegations are clearly evidentiary in that they set forth what the defendants did, said, and even thought, and what other persons (not parties to the action) did, said and thought. It is clear that upon the trial such evidence or the greater part of it would not have the remotest relevancy to the issues in the action.

The learned court at Special Term and the majority of this court seem to rely upon a holding that allegations of evidentiary facts supporting a charge of conspiracy are proper, the respondent citing *Gerseta Corp.* v. *Silk Assn. of America* (220 App. Div. 302). That case involved an action for a conspiracy in restraint of trade. It is an exception to the rule that a conspiracy to commit a wrong is not actionable in this State. (*Green* v. *Davies,* 182 N. Y. 499.) The reason is that the cause of action is founded upon a violation of the statutory prohibition against monopolies or agreements in restraint of trade. Moreover, a careful reading of the opinion of the court at Special Term, upon which opinion the order was affirmed, demonstrates that the court was not speaking of the evidence to support the facts pleaded but of the facts themselves. The opinion in the *Gerseta* case (*supra,* p. 305) states: " Where under any possible circumstances evidence of the facts pleaded in the allegations sought to be stricken out have any bearing on the subject-matter of the litigation, the motion will be denied." If it be assumed that the holding in the *Gerseta* case can be read as holding that evidence may be pleaded, it is contrary to the overwhelming weight of authority and violates both the letter and the spirit of section 241 of the Civil Practice Act. (*Rochester R. Co.* v. *Robinson,* 133 N. Y. 242, 246; *Brown* v. *Champlin,* 66 N. Y. 214, 219; *Godley* v. *Crandall & Godley Co.,* 212 N. Y. 121, 132; *Thayer* v. *Gile,* 42 Hun 268, 270; *Schroeder* v. *Post,* 3 App. Div. 411; *Hamilton* v. *Hamilton,* 124 App. Div. 619–620; *Cleminshaw* v. *Coon,* 136 App. Div. 160, 162; *Powers* v. *Ridder,* 142 App. Div. 457.)

The complaint in *Powers* v. *Ridder* (*supra*) is closely analogous to the instant case. It was an action for libel. There the plaintiff, after setting forth the alleged libel and its falsity, alleged further that the defendant well knew the construction he had placed upon a certain cartoon that inspired the libel was false; that the cartoon was one of a series containing the same figures; and that the plaintiff drew and there was published another cartoon in which the figures were plainly labeled, so that the defendant could not have mistaken who was intended to be depicted by the plaintiff. A motion was made to strike out the allegations stating what the plaintiff had done previous to the time of the publication of the cartoon that inspired the alleged libel. The motion was granted by the Appellate Division after denial by the Special Term. MILLER, J., writing for the court, said: "Ultimate, not evidentiary facts are to be pleaded. Possibly, the plaintiff may be permitted to prove on the trial the truth of the averments sought to be stricken out, although it may be difficult now to understand how such proof can become relevant, but such possibility does not justify the retention of redundant matter in the complaint. If said facts ever can become relevant they can be proved without being specifically averred in the complaint, and the defendant should not be compelled to plead to evidence."

Even if we assume that the matters pleaded are pertinent as proof but unnecessary to a statement of the plaintiff's cause of action, nonetheless such matters have no place in a complaint. (*Isaacs* v. *Washougal Clothing Co., Inc.*, 233 App. Div. 568, 571.) Nor can it be argued that appellants are not aggrieved. Unless they are granted relief, they must answer matters in a complaint that cannot be met by admission, denial, or confession and avoidance.

In my opinion the order should be reversed and the motion granted.