AUGUST DE PROSPERO, Plaintiff, *v.* NICHOLAS SPOON et al., Defendants.

Supreme Court, Special Term, Oneida County, September 6, 1949.

*Wm. J. Maciag* for Nicholas Spoon, defendant.

*G. Edward La Gatta* for Carl C. Ubell, defendant.

*John P. Gualtieri* for plaintiff.

MALPASS, J. Each of the defendants in this action has made a motion, brought on by an order to show cause, under rule 103 of the Rules of Civil Practice for an order striking out certain allegations of the complaint.

The action is in equity and its object is to procure a rescission of an agreement of purchase by the plaintiff of a one-third interest in a business operated by the defendants in the city of Rome and recovery of the money paid by the plaintiff.

The complaint alleges that the plaintiff was induced to enter into the agreement and pay his money by false and fraudulent representations upon which plaintiff relied. In such an action it is necessary that the complaint set forth the representations and statements claimed by the plaintiff to have been false in order that the defendant may be apprised of the basis of plaintiff's claim. (*Pletman* v. *Goldsoll*, 264 App. Div. 393; *Gnozzo* v. *Marine Trust Co.*, 258 App. Div. 298; *Knowles* v. *City of New York*, 176 N. Y. 430, 437.) It would seem that defendant's contention, that plaintiff's complaint is defective for the reason that details of negotiations, interviews and conferences are set forth,

is untenable for the reason that plaintiff's cause of action is dependent upon what was said and done upon these occasions. The rule that evidence is to be excluded from a pleading cannot be applied with the same rigidity in a fraud action as is proper in other actions.

There are some allegations in the complaint which may be considered as surplusage but cannot be said to be of a nature which are entirely irrelevant to plaintiff's cause of action. These allegations are not, in my opinion, impertinent or scandalous or such as would tend to prejudice, embarrass or delay the fair trial of the action.

In *Solomon* v. *La Guardia* (267 App. Div. 435, 436) the court said: " Motions to strike out parts of a pleading as unnecessary and improper are not favored (*Goodrow* v. *New York American Inc.*, 233 App. Div. 37, 40) and will be denied unless the court can clearly see that the allegations sought to be stricken out have no possible bearing on the subject matter of the litigation. (*Gerseta Corp.* v. *Silk Assn. of America,* 220 App. Div. 302, 305.) " It also has been held it must appear that the moving party is aggrieved thereby. (*Nasmie Construction Co.* v. *Quasman,* 215 App. Div. 724.)

The motion of each of the defendants should be denied and orders to that effect may be entered herein, with $10 costs.