Arthur D. Brennan, J.
In this action for a declaratory judgment, for an injunction and for damages, and in which the defendant has counterclaimed for an injunction, for an accounting and for damages, the plaintiff moves for summary judgment. From a reading of the pleadings and affidavits submitted hereon, this court is of the view that the respective contentions with respect to the alleged illegality of the subject contract, the alleged breach of the said contract by the defendant or by the plaintiff, the rights of each party under said contract, the reasonableness and enforcibility of the restrictive covenant contained in the aforesaid contract and the nature and extent of the injunctive relief, if any, which should be awarded to either of the parties hereto, all present mixed issues of fact and law which may only be resolved upon a trial. The motion for summary judgment is, therefore, denied.
With respect to the second motion made by the plaintiff under notice of motion, dated August 28, 1958, returnable on September 12, 1958 and then adjourned to October 7, 1958, the same is disposed of as follows: The application for the relief sought under item (1) contained in said notice of motion is denied. (Solomon v. La Guardia, 267 App. Div. 435.) The application for the relief sought under items (2), (3) and (5) contained in said notice of motion is also denied. The application to strike out, as legally insufficient, the ‘ ‘ Eighth ’ ’ affirmative defense contained in the defendant’s answer (being the relief sought under item [4] of said notice of motion) is denied. In this court’s opinion the said defense is sufficient, in part at least, in alleging that the plaintiff by his alleged conduct is estopped and barred from asserting “that the defendant is in default for not supplying plaintiff with 15 students per week during June, 1958 ”. And where, as here, it appears that the defense as a whole is not legally insufficient, but part of the same is found sufficient, then the defense should be allowed to stand, as pleaded. (Finnerty v. Frenchman, 283 App. Div. 970; Simmons v. Rudolph Knitting Mills, 37 N. Y. S. 2d 422.)
The plaintiff’s motion to resettle this court’s order of September, 11, 1958, by eliminating therefrom the undertaking’ as therein required to be furnished or by reducing the amount of said undertaking, is denied in all respects.
Turning now to the defendant’s motion for a temporary injunction based upon the relief sought under the counterclaim contained in his amended answer, this court has also carefully considered all of the pleadings and affidavits presented on this application. In this court’s view, the defendant has not shown such a clear right to the relief demanded as would warrant the *190 granting of a temporary injunction affording Mm substantially all the injunctive relief which he could obtain if he were successful after trial. (Barricini, Inc., v. Barricini Shoes, Inc., 1 A D 2d 905.) And assuming, without deciding, that the relationsMp existing between the parties is such that a proper restrictive covenant may be imposed and enforced, a temporary injunction should not issue where, as here, there is an absence of convincing proof that, as against this plaintiff, the subject covenant is not unreasonably broad in its scope of time, area and activity prohibited. (New York Linen Supply & Laundry Co. v. Schachter, 125 Misc. 805; and cf. Lynch v. Bailey, 275 App. Div. 527, affd. 300 N. Y. 615.) Accordingly, the defendant’s motion is denied.
Settle orders on notice.