Benjamin Brenner, J.
In this action for personal injuries allegedly sustained by plaintiff upon defendant’s premises, defendant moves as follows: (1) To require plaintiff, pursuant to rule 102 of the Rules of Civil Practice and section 241 of the Civil Practice Act, to make more definite and certain paragraph Fourth of the complaint in which he alleges that ‘‘ plaintiff was lawfully upon the premises of the defendant, having been invited thereto by the defendant ’ ’ by stating the nature of such invitation and for other and similar relief relative to paragraphs Third and Fifth of the complaint.
So much of the motion as is addressed to paragraph Fourth of the complaint is granted; the motion is in all other respects denied.
The allegations contained in paragraph Fourth or, for that matter, elsewhere in the complaint, do not spell out or state the nature of the alleged invitation and fail therefore to sufficiently apprise the defendant of plaintiff’s claimed status at the premises. Defendant is unaware whether he must meet a charge that plaintiff comes within the classification of “ invitee,” or that of licensee, such as a social guest. The allegation presently made that plaintiff was on defendant’s premises at defendant’s invitation does not sufficiently inform defendant on this score, for, one who is present by reason of invitation, express or implied, may, depending upon the circumstances, be either an invitee or a licensee. (See Wilder v. Ayers, 2 A D 2d 354, affd. 3 N Y 2d 725.) Obviously the measure of duty owed to a visitor is greater in the one case than in the other (Wilder v. Ayers, supra), so that plaintiff should more precisely define the status which he claims to have enjoyed and thus apprise defendant of the extent of the duty with which the latter is sought to be charged. The defendant will thereby be in a position to interpose an answer which will frame the issues to be resolved.
With respect to the other allegations of the complaint, it cannot be said that they are so indefinite, uncertain or obscure in meaning and application as to warrant the granting of the relief sought. It may be that parts of the complaint are inartistically drawn or are not worded with absolute precision, *851 nevertheless, if the nature and basis of plaintiff’s claim appears reasonably clear from a reading of the entire complaint they should be allowed to stand (Tilton v. Beecher, 59 N. Y. 176; Lasher v. McDermott, 162 App. Div. 232; Hannigan v. Diamond, 125 N. Y. S. 2d 423). The facts which defendant seeks with respect to such other allegations are not such as are needed to properly frame an answer and are obtainable through a bill of particulars.
Attention finally is addressed to those phases of the motion which seek, pursuant to rule 103 of the Buies of Civil Practice, to have stricken from paragraph Third of the complaint the words “ with a deep hole existing therein,” and that clause which charges that the cement walk constituted “ a nuisance and a hazard and a trap to persons traversing said stairway.” Possibly such allegations should be considered as surplusage but I do not perceive wherein the moving party will be aggrieved or injured thereby. Such relief is also denied (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Muller v. McCormick, 272 App. Div. 1027; Wayte v. Bowker Chem. Co., 196 App. Div. 665; De Prospero v. Spoon, 195 Misc. 978; Reswick v. Owens-Illinois Glass Co., 156 N. Y. S. 2d 712).
Settle order on notice in accordance herewith.